AMERICAN COUNTRY INSURANCE COMPANY, Plaintiff-Appellee, v. BRIAN CASH, Defendant-Appellant.

First District (3rd Division)   No. 87—2533

Opinion filed May 18, 1988.

Chris Averkiou, of Chicago, for appellant.

Beerman, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin R. Becker and Steven P. Garmisa, of counsel), for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Plaintiff Brian Cash, injured when his automobile was rear-ended by an auto driven by Molton Campbell, appeals a declaratory judgment which ruled that American Country Insurance Co. was not obligated to indemnify Campbell. We affirm.

The collision which prompted this action occurred on July 7, 1985. The auto Campbell drove was owned by a third party, who had purchased auto insurance from American Country. Campbell was not named as an insured on the policy. On May 2, 1986, Cash filed an action for damages against Campbell. On June 18, 1986, Cash sent copies of the complaint and summons to American Country, but Cash was not able to serve Campbell at that time. Campbell was served on August 4, 1986, but American Country received no notice that service had been completed. Cash obtained a default judgment against Campbell on September 15, 1986. American Country had not been notified of the impending default. On November 5, 1986, Cash informed American Country of the default. American Country filed an action seeking a declaratory judgment that it was not obligated to indemnify Campbell because of his failure to forward suit documents as required by the policy. The trial court granted American Country's motion for summary judgment.

Cash contends that American Country's notice of the pendency of the litigation prevents it from denying coverage. We disagree. When the giving of notice and the forwarding of suit papers are expressly made conditions precedent to coverage under an insurance policy, such provisions have been enforced by Illinois courts without a showing of prejudice to the insurer; the relevant inquiry is whether reasonable notice has been given. (*City of Chicago v. United States Fire Insurance Co.* (1970), 124 Ill. App. 2d 340, 347-48, 260 N.E.2d 276.) Prejudice to the insurer is but one factor which may be taken into consideration in making the determination as to the reasonableness of the notice in any given case. (*Sisters of Divine Providence v. Interstate Fire & Casualty Co.* (1983), 117 Ill. App. 3d 158,

453 N.E.2d 36.) In *Reisman v. Delgado* (1983), 117 Ill. App. 3d 331, 335-36, 453 N.E.2d 902, this court held that the failure to provide notice until after the entry of a default judgment would be sufficient to justify the assertion of a policy defense even if a showing of prejudice were required since the insurer is deprived of an opportunity to present evidence and cross-examine plaintiff's witnesses on the issues of liability and damages. We conclude that the delayed compliance in the instant case constituted a breach of the policy provision as a matter of law.

■ Cash argues that the failure to comply with a policy provision cannot exclude Campbell from coverage because he had no knowledge of the policy. However, when a party makes no showing of a diligent attempt to discover the existence of the policy, lack of knowledge will not excuse his failure to comply with its terms. (*International Harvester Co. v. Continental Casualty Co.* (1962), 33 Ill. App. 2d 467, 472, 179 N.E.2d 833.) In the instant case, the requisite showing has not been made, and Campbell's noncompliance cannot be excused.

■ Finally, Cash contends that despite the unambiguous provisions which conditioned coverage on compliance with its terms, the policy should be interpreted according to the "reasonable expectations" of the insured. Cash contends that a reasonable layman, placed in Campbell's position, would expect to be covered in spite of any post-accident failure of notice, and that this expectation should be protected. Illinois courts have declined to apply the reasonable expectations doctrine to insurance contracts. (*Insurance Co. of North America v. Adkisson* (1984), 121 Ill. App. 3d 224, 229, 459 N.E.2d 310.) We therefore hold that the provisions of the policy are to be interpreted according to their plain language.

We affirm the trial court's finding that the policy was breached by the failure to inform American Country of the completion of service before default was entered. We also affirm the judgment that the breach relieved American Country of any obligation to indemnify Campbell.

Affirmed.

RIZZI and FREEMAN, JJ., concur.