STEJPAN CMARKO *et al.*, Plaintiffs, v. JACK FISHER *et al.*, Defendants-Appellees (Melvin A. Brandt, Appellant).

First District (4th Division)   No. 1—90—0264

Opinion filed December 27, 1990.

Melvin A. Brandt, of Chicago, appellant *pro se.*

Goldwater & Associates, of Chicago (Ben Goldwater and Ruth E. Goldwater, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

The circuit court of Cook County awarded attorney fees and costs to defendants, Jack Fisher and La Salle National Bank (as trustee of a land trust), under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). The court entered the order against plaintiff, Stejpan Cmarko, and his attorney, Melvin Brandt.

Brandt appeals, contending: (1) defendants' petition for sanctions did not meet minimum requirements of specificity, and (2) the trial court abused its discretion in making the award.

We affirm the order of the trial court.

BACKGROUND

On May 17, 1988, Cmarko brought an action against defendants for specific performance of a contract to buy real estate. Defendant La Salle National Bank, as trustee under trust No. 51469, owned the property located at 7432 and 7434 North Wolcott Avenue in Chicago,

Illinois. Defendant Fisher owned a beneficial interest in the trust.

In the complaint, which Brandt prepared and signed, Cmarko alleged essentially that on April 27, 1988, Fisher orally accepted his offer to buy the property for $235,000. However, subsequent to this oral contract, Fisher's attorney, Ben Goldwater, returned the written offer to Fisher's real estate broker, Fern Sharkey, with the word "VOID" written on it. Cmarko alleged that he was ready, willing, and able to buy the property.

In his answer, Fisher alleged that in January 1988, Stelian and Joan Voinea offered $235,000 for the property. Fisher accepted, but only if the Voineas obtained a mortgage within a specified time. In April 1988, Sharkey submitted Cmarko's offer. Goldwater subsequently informed Sharkey and Cmarko's broker, Joseph Basan, that Fisher could not accept Cmarko's offer until the Voineas' contract was terminated.

Further, on May 9, 1988, the Voineas notified Goldwater that they waived the mortgage contingency paragraph of the contract and that they were able to buy the property without a mortgage. That same day, Goldwater notified Sharkey and Basan that Fisher rejected Cmarko's offer. Cmarko's written offer was returned to Basan. On May 12, 1988, Goldwater informed Cmarko's attorney, Melvin Brandt, of the contract between Fisher and the Voineas.

Fisher also filed with his answer a petition for sanctions pursuant to section 2—611 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.) Fisher charged that Cmarko brought the specific performance action despite the following facts: that on May 6, 1988, Basan was told that Fisher could not accept Cmarko's offer because a contract already existed; that on May 9, 1988, Basan was told that the contract would proceed without a mortgage contingency and that Cmarko's offer was rejected; that on May 10, 1988, Cmarko's offer was returned to Basan, with Fisher's signature deleted and the word "VOID" marked thereon; that on May 12, 1988, Goldwater spoke to Brandt and told him about the above-stated facts; and that despite those facts, Cmarko filed a complaint for specific performance, which Brandt prepared and signed.

On April 14, 1989, following a trial on the action for specific performance, the court found for Fisher. The court found that the purported agreement lacked both acceptance and delivery. Therefore, the court held that Cmarko and Fisher never entered into a contract. Consequently, there was no basis for specific performance.

On December 27, 1989, following a hearing, the trial court granted Fisher's petition for sanctions. The court found that Goldwa-

ter notified both Sharkey and Basan of the Voineas' prior contract. Further, Goldwater subsequently notified Sharkey and Basan that the Voineas waived the mortgage contingency clause and, thus, the contract would be consummated. The court additionally noted that Basan had access, via computer, to a real estate listing service. On and prior to the date of Cmarko's offer to Fisher, the property was designated "under contract."

The trial court found that Cmarko or Brandt should have investigated the existence of the Voineas' contract prior to the filing of the action. The court found "no indication that [Cmarko] or [Brandt] made a reasonable inquiry and had well grounded facts for the [filing of the action]." The trial court awarded Fisher $6,000 in attorney fees and $96 in costs. The court assessed the award against both Cmarko and Brandt. Only Brandt appeals.

OPINION

Initially, former section 2—611 of the Code of Civil Procedure subjected a party to sanctions for pleading allegations and denials made without reasonable cause and found to be untrue. (Ill. Rev. Stat. 1985, ch. 110, par. 2—611.) However, section 2—611, as amended effective November 25, 1986, required an attorney to sign pleadings and other papers filed with the court. By his signature, the attorney certified that he had made a reasonable inquiry into its basis and believed that it was well grounded in fact, warranted by existing law, and was made in good faith. Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

■■ The amended section 2—611 was intended to prevent counsel from making assertions of fact or law without support. The section imposed an obligation on an attorney not to file frivolous pleadings or other papers. Such documents filed in violation of section 2—611 subjected the party, the party's attorney, or both, to an appropriate sanction. That sanction may have included an order to pay the other party's attorney fees and costs. (*In re Custody of Caruso* (1989), 185 Ill. App. 3d 739, 742-43, 542 N.E.2d 375, 377-78.) Section 2—611 was replaced by Illinois Supreme Court Rule 137, effective August 1, 1989. (134 Ill. 2d R. 137.) Since the complaint in the case at bar was filed on May 17, 1988, amended section 2—611 controls.

I

■■ Brandt first contends that Fisher's petition for sanctions was not sufficiently specific. His argument focuses on the truth or falsity of the complaint. He argues that Fisher's "petition does not contain a single allegation in reference to what statements or pleadings were

falsely made, nor does it specify what fees resulted from the false statements or pleadings." A motion for sanctions must meet minimum requirements of specificity so that a responding party has an opportunity to challenge and defend against the allegations made and so that fees and costs may be fairly apportioned. *Geneva Hospital Supply, Inc. v. Sanberg* (1988), 172 Ill. App. 3d 960, 965-66, 527 N.E.2d 611, 614, citing *Brandel Realty Co. v. Olson* (1987), 159 Ill. App. 3d 230, 235, 512 N.E.2d 85, 88.

■ We cannot accept Brandt's contention. Earlier in this opinion we described Fisher's petition. It alleged ample facts to allow Cmarko and Brandt to challenge and defend against the allegations. Further, Brandt misconstrues the statute. Amended section 2—611 imposed "upon both client and counsel the duty to make a reasonable inquiry into the facts to support a legal claim or defense before pleadings and other legal papers are filed with the court." (*Chicago Title & Trust Co. v. Anderson* (1988), 177 Ill. App. 3d 615, 622, 532 N.E.2d 595, 600.) Fisher's motion for sanctions alleged facts going to this exact issue. We hold that Fisher's petition for sanctions was sufficiently specific.

## II

Brandt also contends that the trial court abused its discretion in imposing section 2—611 sanctions against him. Brandt claims essentially that the complaint for specific performance was well grounded in fact and law. He argues that attorneys, "as officers of the court, are allowed to exercise broad discretion *based upon their honest judgment* of the facts presented" (emphasis added).

■ ■ Brandt again misconstrues the statute. Under the amended section 2—611, an attorney's subjective opinion of the merits of his position is irrelevant. Rather, the attorney and client must inquire into the facts to support a legal claim. A court must use an objective standard to determine whether a particular inquiry was reasonable, based upon the circumstances that existed at the time the pleading was filed. (*Chicago Title & Trust*, 177 Ill. App. 3d at 622-23, 532 N.E.2d at 600.) The attorney must objectively review the information submitted by the client, to determine if it factually supports the client's claim. If such review reveals important discrepancies, inconsistencies, or gaps in the information provided, the attorney must investigate further prior to filing the relevant legal paper with the court. Additionally, we will not disturb a trial court's imposition of sanctions absent an abuse of discretion. 177 Ill. App. 3d at 625, 532 N.E.2d at 601.

■■ After reviewing the record, we cannot say that the trial court abused its discretion in imposing sanctions against Brandt. As stated earlier, the trial court found that Goldwater notified both Sharkey and Basan on the Voineas' contract. Further, Goldwater subsequently notified Sharkey and Basan that the Voineas waived the mortgage contingency clause and that the contract would be consummated. Additionally, Basan had access to a real estate listing service. On and prior to the date of Cmarko's offer to Fisher, the property was designated "under contract." We agree with the trial court that Brandt could have discovered these facts had he made a reasonable inquiry prior to filing the complaint.

Brandt lastly argues that his professional obligations ended once he filed the complaint. He stated: "An attorney has no continuing duty to re-evaluate his case during the pendency of the trial." He further argues that the existence of factual issues necessitated a trial.

■■ ■ This argument lacks merit. An attorney has a professional duty to promptly dismiss a baseless lawsuit, even over the objections of the client, when the attorney learns that the client has no case. (*In re Custody of Caruso* (1989), 185 Ill. App. 3d 739, 744, 542 N.E.2d 375, 378-79, citing *Van Berkel v. Fox Farm & Road Machinery* (D. Minn. 1984), 581 F. Supp. 1248.) In the instant case, approximately eight months elapsed between the filing of the complaint and the trial on the merits. An attorney may not shield his transgressions behind the simplistic plea that he was only exercising his right to a trial. (*Caruso*, 185 Ill. App. 3d at 745, 542 N.E.2d at 379.) We agree with the trial court that Brandt insisted on a trial of a baseless lawsuit. We uphold the trial court's imposition of section 2—611 sanctions against Brandt.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

McMORROW, P.J., and JIGANTI, J., concur.