SHEA, ROGAL AND ASSOCIATES, LTD., Plaintiff-Appellee, v. LESLIE VOLKSWAGEN, INC., Defendant-Appellant.

First District (4th Division)   No. 1—92—1231

Opinion filed July 22, 1993.

Edward T. Graham, of Wheaton (Max Rittenberg, of counsel), for appellant.

Susan M. Coleman, of Westchester, for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

This action commenced on September 21, 1988, when the plaintiff, Shea, Rogal and Associates, Ltd. (SRA), filed a complaint against its former client, the defendant, Leslie Volkswagen, Inc., seeking to recover the balance of attorney fees it claimed were due on Leslie's account. With its answer to SRA's amended complaint, Leslie raised the affirmative defense of accord and satisfaction, contending that on September 21, 1987, it sent a check to SRA which recited that it was

"payment in full for all legal services rendered," and that SRA accepted the conditional draft by endorsing it, depositing it in the bank, and retaining the funds.

On January 30, 1990, Leslie moved for summary judgment based upon its affirmative defense. In support of its motion, Leslie relied upon SRA's response to a request to admit facts wherein SRA admitted that it had received the check on or about September 21, 1987; that the reverse side of the check bore the words "this check is payment in full for all legal services rendered"; and that SRA subsequently endorsed the check and credited it to SRA's account at its depository bank. Leslie also relied upon the affidavit of its president, Ralph Rosengarden, which asserted that between March 6, 1987, and September 21, 1987, a *bona fide* dispute existed between Leslie and SRA regarding the amount of fees charged for legal services and that on September 21, 1987, Rosengarden issued the check purportedly in full satisfaction of all amounts claimed by SRA.

SRA filed its response to the motion supported by the affidavits of Gerald W. Shea, an officer of SRA, and his secretary, Kathleen H. Lightfoot. SRA argued that summary judgment in favor of Leslie would be improper because there had in fact been no dispute amongst the parties as to the amounts due, and it had not intended to accept the subject check as a full satisfaction of all sums due. In support of the latter argument, SRA maintained that none of its firm members had been aware prior to the deposit of the check that the check bore the "payment in full" language. Rather, the check was received by Lightfoot, the firm's secretary, who completed SRA's standard endorsement procedures and then deposited the check into the firm's bank account.

On March 13, 1990, following a hearing, the trial court granted Leslie's summary judgment motion, but on April 10, 1990, on motion to reconsider by SRA, the court reversed its decision and set the matter for a jury trial.

During the trial, Leslie twice moved for a directed verdict. In denying the motions, the court found that a factual dispute existed as to whether the alleged accord and satisfaction was the result of a meeting of the minds between SRA and Leslie.

The jury subsequently returned a verdict for SRA in the amount of $6,000. The trial court denied a motion by Leslie for judgment notwithstanding the verdict.

On October 23, 1990, Leslie appealed the verdict and this court reversed the judgment and remanded the case for entry of judgment in Leslie's favor. (*Shea, Rogal & Associates, Ltd. v. Leslie Volkswa-*

*gen, Inc.* (1991), 216 Ill. App. 3d 66, 576 N.E.2d 209.) This court determined that (1) a *bona fide* dispute existed over the amount of fees due SRA; and (2) because Lightfoot was SRA's agent, her action in endorsing the check despite its conditional nature could be imputed to SRA, manifesting its intent to accept the check as an accord and satisfaction. *Shea*, 216 Ill. App. 3d at 71-72.

Pursuant to the mandate of this court, the trial court entered judgment notwithstanding the verdict on behalf of Leslie. Leslie then filed a motion pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137), seeking an award of attorney fees and costs incurred in the defense of this action.

Following a hearing, the trial court denied Leslie's motion and Leslie now appeals that denial. For the reasons which follow, we affirm the decision of the trial court.

Rule 137 provides in pertinent part as follows:

> "Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record ***. *** The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other paper is signed in violation of this rule, the court *** may impose *** an appropriate sanction, which may include an order to pay *** reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee." 134 Ill. 2d R. 137.

The purpose of Rule 137, formerly section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—611), is to prevent abuse of the judicial process by penalizing claimants who bring vexatious or harassing actions based upon unsupported allegations of law or fact. (*Singer v. Brookman* (1991), 217 Ill. App. 3d 870, 879, 578 N.E.2d 1; *Lewy v. Koeckritz International, Inc.* (1991), 211 Ill. App. 3d 330, 334, 570 N.E.2d 362.) Because the rule is penal in nature, a court must strictly construe its provisions. *Lewy*, 211 Ill. App. 3d at 334.

■ Rule 137 mandates that signing attorneys or parties make reasonable inquiry into the basis for a pleading before filing it. (*Chi-*

*cago Title & Trust Co. v. Anderson* (1988), 177 Ill. App. 3d 615, 622, 532 N.E.2d 595.) In evaluating the signing party's conduct in this regard, a court must consider reasonableness based upon circumstances existing at the time the pleading was filed, rather than engage in hindsight. (*Chicago Title,* 177 Ill. App. 3d at 623; *Lewy,* 211 Ill. App. 3d at 334.) The standard to be employed is an objective one; it is not sufficient that the attorney "honestly believed" the case was well-grounded in fact or law. (See *Cmarko v. Fisher* (1990), 208 Ill. App. 3d 440, 567 N.E.2d 352.) Furthermore, an attorney has an obligation to promptly dismiss a lawsuit once it becomes evident that it is baseless. *In re Custody of Caruso* (1989), 185 Ill. App. 3d 739, 744, 542 N.E.2d 375.

In this appeal, Leslie contends its fees should have been allowed because SRA's complaint was not well-grounded in fact or warranted by existing law but instead was interposed "to harass Leslie and its owner, Rosengarden, into paying the disputed SRA bill." Leslie claims it is undisputed that the check at issue was conditionally tendered, and SRA either knew or should have known the inescapable legal consequences which resulted when it accepted the check and retained its proceeds: namely, that it constituted an accord and satisfaction. Thus, according to Leslie, there was "irrefutable evidence" that SRA's claim was barred. SRA, on the other hand, maintains that its claim was a reasonable attempt to collect an unpaid bill, and that it reasonably believed the facts in this case failed to establish a valid accord and satisfaction.

■ As SRA correctly observes, a claimant is not required to anticipate defenses to its claim or withdraw an action the moment a defense is interposed in order to avoid the imposition of sanctions. Rule 137 was not intended to penalize litigants and their attorneys simply because they were not successful in litigation. *Couri v. Korn* (1990), 202 Ill. App. 3d 848, 857, 560 N.E.2d 379.

The determination of whether to grant sanctions under the rule is entrusted to the sound discretion of the trial court, whose decision will not be disturbed absent an abuse of that discretion. (*Singer,* 217 Ill. App. 3d at 879.) The record reveals no such abuse in the case at bar.

Leslie does not appear to argue here that SRA's claim was based upon unsupported allegations of fact. Neither party has disputed that Leslie tendered a check containing a restrictive endorsement or that SRA's secretary signed and deposited the check without informing SRA's attorneys of this restriction. Indeed, as this court observed in its opinion disposing of Leslie's prior appeal, "the parties essentially

agree as to what happened in the case; the controversy centers on what legal effect flows from the actions of the parties." (*Shea*, 216 Ill. App. 3d at 71.) Leslie's argument centers around the question of whether, based upon the known facts, SRA's action was well-grounded in law.

It is true that this court found SRA's action barred as a matter of law under the doctrine of accord and satisfaction when we addressed Leslie's prior appeal; however, a filing need not ultimately prevail in order to be warranted by existing law. (See *Davis v. Chicago Housing Authority* (1988), 176 Ill. App. 3d 976, 531 N.E.2d 1018; *Allcare, Inc. v. Bork* (1988), 176 Ill. App. 3d 993, 531 N.E.2d 1033.) In order to escape sanctions under Rule 137, pleaders need not be correct in their view of the law; they need only present an objectively reasonable argument for their views. Rule 137 is intended to provide a sanction when a party or an attorney asserts a proposition of law which is contrary to established precedent. However, it was not intended as a vehicle to punish those who might misapply the law. See *International Amphitheater Co. v. Vanguard Underwriters Insurance Co.* (1988), 177 Ill. App. 3d 555, 532 N.E.2d 493; *Frisch Contracting Service Co. v. Personnel Protection, Inc.* (1987), 158 Ill. App. 3d 218, 511 N.E.2d 831.

■ SRA opposed Leslie's theory of accord and satisfaction based in part upon the argument that it never intended to accept Leslie's check in full satisfaction of the amounts due. This theory is not without recognition at law. (See *Amoco Oil Co. v. Segall* (1983), 118 Ill. App. 3d 1002, 455 N.E.2d 876.) We disagreed with SRA's application of the law to the facts of this case, but that does not mean that the position taken by SRA was frivolous or unreasonable so as to render it sanctionable under Rule 137. The fact that the trial judge twice refused to grant Leslie the relief that this court ultimately granted provides significant evidence that SRA's legal position in this case was not frivolous or unreasonable. See *Indianapolis Colts v. Mayor & City Council of Baltimore* (7th Cir. 1985), 775 F.2d 177, 182.

Leslie also argues that the trial court improperly disallowed the sanctions without granting an evidentiary hearing, at which Leslie would have introduced "additional evidence to show that [SRA] was motivated by an improper purpose in filing and maintaining the action." This argument fails for three reasons. First, Leslie alleged nothing about such additional evidence in its motion for fees. Second, the record indicates that the trial court did entertain arguments over the sanction motion. And third, contrary to Leslie's argument, an evidentiary hearing is not always required under Rule 137. If it is appar-

ent from the record as a whole that sanctions under Rule 137 are not warranted, no evidentiary hearing is required in order to support a denial of relief. See *In re Application of Cook County Collector* (1986), 144 Ill. App. 3d 604, 472 N.E.2d 170.

Finally, although it is true that Rule 137 requires a judge to specifically set forth the reasons and basis for any sanction imposed, there is no specificity requirement when sanctions are denied. (134 Ill. 2d R. 137.) We believe it to be sufficient for the trial court to deny the requested relief upon a finding that no frivolous pleadings were filed, as was done in this case.

For these reasons, we find that the trial court did not abuse its discretion in denying Leslie's request for relief under Rule 137.

Affirmed.

JIGANTI, P.J., and CAHILL, J., concur.