ERNESTO L. RIOS, Plaintiff-Appellee and Cross-Appellant, v. TONY VALENCIANO, Indiv. and d/b/a Lince Video, Defendant (Allied American Insurance Company, Garnishee-Defendant; Moss and Hillison, n/k/a Moss, Hillison and Mordini, Appellant and Cross-Appellee).

Second District   No. 2—94—1017

Opinion filed June 28, 1995.

Gregory R. Spelson and L. Bradley Schwartz, both of Moss, Hillison & Mordini, of Chicago, for appellant.

Vincent Robertelli, of Giagnorio & Robertelli, Ltd., of Bloomingdale, and Robert G. Black, of Naperville, for appellee.

JUSTICE RATHJE delivered the opinion of the court:

Moss & Hillison, n/k/a Moss, Hillison & Mordini (Moss & Hillison), appeals the order of the circuit court imposing sanctions on it pursuant to Supreme Court Rule 137 (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 137, eff. February 1, 1994) for a statement it made in a response to a summary judgment motion. It contends that the trial court abused its discretion in sanctioning it when it conducted a reasonable inquiry and did not file a false pleading. Plaintiff, Ernesto L. Rios, cross-appeals from the trial court's refusal to award sanctions stemming from the garnishment answer signed by an attorney from Moss & Hillison.

This case arose from an automobile accident involving plaintiff and defendant, Tony Valenciano. Defendant was insured by Allied American Insurance Company (Allied). Plaintiff filed the complaint on June 8, 1992. Defendant failed to appear at trial, and a default judgment was entered against him on July 16, 1992. Plaintiff filed a garnishment action against Allied seeking to recover under defendant's insurance policy. Moss & Hillison represented Allied. Allied denied that it had any of defendant's property or was indebted to him. It also filed a pleading entitled "Affirmative Matters," which stated that defendant failed to comply with condition 3 of the insurance policy, which provided, in relevant part:

> "If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative, or agent or served on him, his representative or agent.
>
> The company will not be obligated to pay, and shall not pay under [the liability coverage], unless the company received actual notice of a lawsuit before a judgment had been entered in said suit."

Allied stated that it "did not receive actual notice of said suit before a judgment had been entered." This pleading was signed by John D. Moss.

In response, plaintiff stated that Allied received actual notice of the suit in the form of a certified letter, dated June 9, 1992, from

plaintiff to Allied who enclosed a copy of the complaint and stated that summons was placed for service on defendant. Plaintiff attached a copy of the letter and the certified mail receipt. The cause proceeded to arbitration, and the arbitrators entered an award of $4,031.50 against Allied.

Allied rejected the award, and plaintiff filed a motion for summary judgment in the trial court. Plaintiff argued that Allied was legally obligated to pay because it received actual notice of the lawsuit from plaintiff. Moreover, defendant stated in an affidavit that, on receipt of the service of the summons and the complaint, he promptly tendered those documents to his Allied agent, Matteo Cacucciolo, at the agent's office in Aurora. According to the affidavit, two days after the accident, defendant notified Cacucciolo that he had been involved in an accident. Defendant received the summons and complaint on June 15, 1992. When he delivered the documents to Cacucciolo, defendant was informed that Allied would "take care of" it and "the lawyers would handle everything." Each time defendant was notified of matters occurring in the suit, he delivered the papers to his insurance agent, Cacucciolo, at Cacucciolo's office. Each time, Cacucciolo assured defendant that Allied "would handle everything." When defendant received notice that his driver's license had been suspended as a result of his failure to pay the judgment entered against him, defendant went to Allied's office in Chicago, where he was informed that the company had no record of his claim and would not take any action on his behalf. As such, plaintiff argued there was no question of fact that Allied had notice of the suit prior to the entry of the default judgment.

In response, Allied argued that defendant's affidavit was insufficient in that it contained hearsay and conclusory allegations. Specifically, Allied complained that the statement that defendant went to an "agent" of Allied was an unfounded conclusory allegation. Allied maintained that defendant never notified Allied that he had been served with the summons and the complaint and that without that notification it had no duty to defend. The response was signed by Robert Hillison.

In reply, plaintiff argued that notice of a suit by the plaintiff is sufficient actual notice to trigger the insurance company's duty to indemnify the insured. Plaintiff also appended a copy of a document which indicated that Matteo C. Insurance Agency reported the accident to Allied on December 21, 1991. Allied never responded to plaintiff's allegation that Allied had actual notice of the suit from plaintiff, nor to the argument that notice of a suit may be provided by other than the insured. Allied merely argued at the hearing that

the cases plaintiff cited concerned notice of accident provisions, not notice of suit provisions. In addition, Allied never denied that Matteo Cacucciolo was its agent.

The court granted summary judgment in favor of plaintiff and awarded him $4,031.50. The order was made immediately appealable. Allied did not appeal the judgment. Plaintiff then filed a motion for Rule 137 sanctions against Allied or, in the alternative, against Moss & Hillison, for the failure to make a reasonable inquiry into the facts before responding to the garnishment. Plaintiff asserted that the facts available to Allied, including plaintiff's notice of the suit sent to Allied before the entry of the judgment, established that Allied was obligated to indemnify defendant under the insurance policy. Plaintiff further alleged that the response to the garnishment, the rejection of the arbitration award, and the response to the motion for summary judgment allegedly were not well grounded in fact, warranted by existing law or a good-faith argument for a change in existing law, or made in good faith, but were interposed for an improper purpose. In addition to the letter from plaintiff to Allied, plaintiff appended a copy of a letter from Allied to plaintiff, dated June 15, 1992, confirming receipt of plaintiff's "lien" in the case and stating that Allied was investigating the matter. Plaintiff also appended a letter, dated July 28, 1992, from Allied to defendant which stated that Allied was aware that a judgment had been entered against defendant.

Moss & Hillison filed a response which argued, *inter alia*, that, before the default judgment, Allied never received the summons served on defendant.

At the hearing on the motion for Rule 137 sanctions, the court explained that the basis for the Rule 137 sanction was not Allied's interpretation of what constitutes notice, as set forth in the summary judgment proceeding. Rather, the court based the ruling on a falsehood in the pleadings that defendant never notified Allied of the suit. This statement was contradicted by defendant's affidavit that he gave a copy of the summons and the complaint to Cacucciolo, Allied's agent. In response to the attack on defendant's affidavit that the agency allegation was conclusory, the court found "conspicuous by its absence is *** an affidavit from Allied saying that Cacucciolo wasn't the agent." The court also found that there was no good-faith investigation to determine the truth or falsity of the statement. However, the court allowed Allied additional time to show what investigation was done before it stated in the response to the summary judgment motion that defendant never provided the service of summons to Allied.

In a written response, Allied stated that when it received the

garnishment summons it reviewed all claim files pertaining to defendant's insurance policy. This inquiry revealed no communications from defendant indicating that he had been served with summons. Allied also reviewed the court file and found that defendant was properly served.

At the subsequent hearing, the court recapitulated its ruling in favor of plaintiff by referring to Allied's statement in the response to the summary judgment motion that defendant never notified Allied that he was served with the summons and the complaint. The court found that the responsive pleading was legally questionable "as a result of the uncontroverted fact that on June 9th, 1992 Mr. Robertelli, plaintiff's counsel, sent a letter to Allied American advising same that a complaint had been filed against their [sic] insured," and was false as to the fact of the notice given by its insured. Defendant's affidavit established that notice was given to Allied through its agent. Allied offered no counteraffidavit to show that Matteo Cacucciolo was not its agent. Therefore, the court concluded that the pleading was false.

The court discussed whether the false pleading could be defended by a showing that Allied formed a belief that the false pleading was true after conducting a reasonable "inquiry" (rather than "investigation"). Because Allied never asked defendant if he was served, never asked Matteo Cacucciolo, Allied's agent, if he received the summons and the complaint from defendant, and it never offered a counteraffidavit regarding Cacucciolo's agency status, the court found that no reasonable inquiry was conducted. The court entered sanctions against Moss & Hillison for reasonable attorney fees and costs relating to plaintiff's summary judgment motion.

The court recognized that plaintiff's Rule 137 motion was not limited to the response to the summary judgment motion but included all pleadings filed, beginning with the response to the garnishment. Plaintiff argued that the court's findings regarding the responsive pleading applied equally to the preceding pleadings. The court responded, "I agree[, b]ut the first time that I had an affidavit was the affidavit that came in your motion for summary judgment." The court found this significant because:

> "[Allied's] position primarily up to that motion for summary judgment when the affidavit was attached was that we didn't get [notice] directly from Valenciano and we need to get it from Valenciano ***. ***
>
> However, the first time in my file as I go through it where there's a direct contradiction to something that's put at issue is you're saying here's what Valenciano said and they said, no, we never got it from Valenciano, without any inquiry."

Plaintiff further argued that the first pleading Allied filed stated that it never received actual notice of the suit, which was false. The court agreed but refused to consider plaintiff's notice as a basis for sanctions because it was giving Allied "the benefit of the doubt." It therefore awarded fees only from the summary judgment proceeding.

Moss & Hillison timely appealed, and plaintiff cross-appealed from the order. We address the cross-appeal first.

■ Plaintiff contends that the trial court abused its discretion in failing to impose the sanction from the first pleading filed in the garnishment action. Rule 137 requires litigants and their attorneys to conduct an inquiry into the facts and the law before filing an action, pleading, or other paper and to certify that the pleading is well grounded in fact and in law, or that a good-faith argument exists for the extension, modification, or reversal of the existing law. (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 137, eff. February 1, 1994.) The purpose of the rule is to prevent a litigant from abusing the judicial process, and a sanction may be imposed against the party who files a pleading for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. (*North Shore Sign Co. v. Signature Design Group, Inc.* (1992), 237 Ill. App. 3d 782, 789-90.) Whether to impose a sanction for the violation of Rule 137 is a matter of the trial court's discretion which we will not disturb unless the court abused its discretion. (*Koch v. Carmona* (1994), 268 Ill. App. 3d 48, 56.) The standard for determining whether an attorney had violated the rule is an objective standard of what was reasonable under the circumstances at the time the pleading was filed. *Shea, Rogal & Associates, Ltd. v. Leslie Volkswagen, Inc.* (1993), 250 Ill. App. 3d 149, 153.

■ Moss & Hillison drafted a pleading which denied that Allied received actual notice of the lawsuit. Moss & Hillison does not dispute that Allied received actual notice of the suit and a copy of the complaint from plaintiff's attorney before the judgment was entered. The law is clear that notice to an insurer of a suit, including the forwarding of the summons and the complaint, need not be given by the insured (*Olivieri v. Coronet Insurance Co.* (1988), 173 Ill. App. 3d 867, 871; see also *Simmon v. Iowa Mutual Casualty Co.* (1954), 3 Ill. 2d 318, 323; *Casualty Insurance Co. v. E.W. Corrigan Construction Co.* (1993), 247 Ill. App. 3d 326, 330), and Moss & Hillison has never argued that this rule of law should be modified (see *Shea, Rogal*, 250 Ill. App. 3d at 154 (a pleader need not be correct in its view of the law, but must present an objectively reasonable argument for its view)). In fact, Moss & Hillison never responded to this argument, but merely asserted the irrelevant argument that defendant never

submitted the summons and the complaint to Allied so that it had no "duty to defend," as opposed to a duty to *indemnify* (see *Vaughn v. Commonwealth Edison Co.* (1994), 259 Ill. App. 3d 304, 306), which was the core issue in the garnishment proceeding. (We note, parenthetically, that the insurance policy at issue unambiguously states that Allied has no duty to indemnify *only* if it failed to receive actual notice; the policy does not specify the result of an insured's failure to tender the summons and the complaint to the insurer. (*Cf. American Country Insurance Co. v. Cash* (1988), 171 Ill. App. 3d 9, 10-11 (policy provisions unambiguously required compliance with requirement that insurer receive notice of completion of service as condition precedent to duty to indemnify).) Thus, the response to the garnishment was not made in good faith, and all of the proceedings after it, including the arbitration, were unnecessary.

The trial court found that it was uncontroverted that Allied received actual notice of the suit from plaintiff and the statement to the contrary in the garnishment response was not legally supportable. However, the trial court declined to impose sanctions for any pleading other than the summary judgment response because it was "bending over backwards" for Allied. This reason does not advance the purpose of Rule 137. Plaintiff was required to go through unnecessary proceedings and incur needless expense because of Moss & Hillison's violation of the rule from the outset of the proceedings. We therefore conclude that it was an abuse of discretion to deny sanctions for the entire proceedings. The record demonstrates that the total reasonable fees and expenses incurred on behalf of plaintiff during the entire garnishment proceedings are $6,551.75. Said amount is awarded to plaintiff for defendant's violation of Supreme Court Rule 137.

Further, because we have determined that Moss & Hillison should be sanctioned for the false statement in the garnishment response, Moss & Hillison's appeal challenging the imposition of sanctions for the false statement in the summary judgment response is moot.

Finally, plaintiff argues that, pursuant to Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)), this court should impose sanctions on Moss & Hillison for filing an allegedly false appeal. In response, Moss & Hillison contends that the instant appeal involved unsettled issues of law regarding what constitutes actual notice. This argument is patently without merit. As demonstrated above, the salient controversy in the instant appeal centered on a false statement made by Moss & Hillison, not on what constitutes actual notice. As it was obvious that Moss & Hillison had made a false statement in the garnishment proceedings, this was clearly a case in which an appeal

should not have been taken. Thus, we conclude that sanctions for filing a frivolous appeal should be imposed.

Plaintiff has provided this court with plaintiff's counsel's affidavit, which states that the attorney fees, costs and expenses incurred in defending this appeal total $10,263.64. We find that this is a reasonable and adequately documented amount and, therefore, order Moss & Hillison to pay plaintiff the sum of $10,263.64 as a sanction for bringing this frivolous appeal.

In summary, we affirm that part of the order of the circuit court which granted plaintiff's Rule 137 motion against Moss & Hillison. We vacate the trial court's entry of the award of fees and order Moss & Hillison to pay plaintiff $6,551.75 in sanctions for the entire garnishment proceeding. We further award plaintiff a total of $10,263.64 for reasonable attorney fees, costs and expenses incurred in defending this appeal, due to Moss & Hillison's violation of Rule 375(b).

Affirmed in part; vacated and modified in part; and sanctions imposed.

McLAREN, P.J., and INGLIS, J., concur.