NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190597-U

NO. 4-19-0597

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 29, 2020
Carla Bender
4th District Appellate
Court, IL

| | |
|---|---|
| *In re* MARRIAGE OF NICOLE R. HOWELL,       Petitioner-Appellee,       and GEORGE E. PAYTON,       Respondent-Appellee (Paul R. Wilson Jr., Appellant). | ) Appeal from the ) Circuit Court of ) Champaign County ) No. 15D120 ) ) Honorable ) Randall B. Rosenbaum, ) Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held:*    (1) Lacking a transcript of the hearing on the petitioner's motion for sanctions under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018), we will resolve the ambiguity against the appellant, the respondent's former attorney, by presuming that, in the hearing, the petitioner argued for sanctions against the attorney, thereby giving him fair notice and an opportunity to respond before the circuit court imposed sanctions on him more than three months later.

          (2) By sanctioning the respondent's former attorney under Rule 137 for making a challenge to subject-matter jurisdiction that was contrary to binding precedent, the circuit court did not abuse its discretion.

          (3) By allowing the respondent's former attorney only a portion of the attorney fees he claimed from the respondent, the circuit court did not abuse its discretion.

¶ 2    The appellant in this case is an attorney, Paul R. Wilson, Jr. For a time, Wilson represented George E. Payton in this action—an action that Nicole R. Powell brought against Payton to dissolve their marriage or, alternatively, to have their marriage declared invalid and void

on the ground that Payton's previous marriage, in New York, never was dissolved. After granting a motion by Wilson to withdraw from representing Payton, the Champaign County circuit court ordered Wilson to pay attorney fees to Howell for mounting a frivolous challenge to the court's subject-matter jurisdiction. See Ill. S. Ct. R. 137 (eff. Jan. 1, 2018). Also, the court declined to allow Wilson the full amount of attorney fees he claimed from Payton.

¶ 3        Wilson appeals. Even though neither of the appellees, Howell nor Payton, has filed a brief, the supreme court instructs us, in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), to go ahead and decide the appeal on its merits. In his appeal, Wilson complains, first, of receiving no notice before the circuit court sanctioned him. Because of the incompleteness of the record, we cannot tell, one way or the other, whether Wilson received prior notice. Because the preparation of an adequate record was Wilson's responsibility, we will resolve the ambiguity against him. Second, and alternatively, Wilson characterizes the sanctions as an abuse of discretion. We disagree with that characterization because Wilson's jurisdictional challenge was irreconcilable with binding precedent. Third, Wilson argues that the court abused its discretion by allowing him only a fraction of the attorney fees he claimed from Payton. We conclude that the amount of attorney fees the court allowed Wilson is, under the circumstances, reasonably defensible. Therefore, we affirm the judgment.

¶ 4                    I. BACKGROUND

¶ 5        On March 12, 2015, in the circuit court of Champaign County, Howell petitioned for the dissolution of her marriage to Payton.

¶ 6        On May 16, 2018, on Howell's motion, the circuit court entered a summary judgment that the marriage of Payton and Howell was "*void ab initio*" because before marrying

Howell, Payton married someone else, in New York, and the New York marriage had never been dissolved. (Emphasis in original.)

¶ 7        On June 6, 2018, Payton hired an attorney, Wilson, to represent him in this case.

¶ 8        On October 26, 2018, Wilson filed, on behalf of Payton, a motion to vacate all orders previously entered in this case. The motion argued that, given the summary judgment, "this was not a justiciable matter" and "absolutely none of the decisions of this court were within the jurisdictional authority of this court."

¶ 9        On November 30, 2018, the circuit court denied the motion to vacate all orders.

¶ 10       On December 20, 2018, pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) and section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/508(b) (West 2018)), Howell moved that the circuit court "sanction Respondent," that is, Payton.

¶ 11       On February 21, 2019, the circuit court granted a motion by Wilson to withdraw from representing Payton.

¶ 12       On March 4, 2019, Wilson moved for $9872.25 in attorney fees from Payton.

¶ 13       On March 7, 2019, Howell filed a memorandum in support of her motion for sanctions and attorney fees. In her memorandum, she argued various "legal bases on which to sanction Respondent *and his counsel*." (Emphasis added.) According to the certificate of service, though, Howell served the memorandum only on Payton and the judge presiding over the case.

¶ 14       On April 4, 2019, there was a hearing, of which the record lacks a transcript. According to the docket entry for that date, however, both Wilson's motion for attorney fees and Howell's motion for sanctions and attorney fees were scheduled to be heard. The circuit court granted a continuance of Wilson's motion and heard only Howell's motion that day. The docket entry reads as follows:

"Appearance of the Petitioner with D. Steigman[n]. Appearance of the Respondent pro se. Appearance of P. Wilson on his behalf. Motion by the Respondent to continue the hearing on fees on Mr. Wilson petition. Objection by Mr. Wilson. Motion is allowed. Cause is hereby continued to 4/23/19 at 1:15 p.m. in Courtroom G. Cause called for hearing on the Petitioner's Motion for Fees and Sanctions. Evidence heard. Arguments heard. Court hereby takes the matter under advisement. Cause is hereby continued for further proceedings on all other pending motions on 4/23/19 at 1:15 p.m. in Courtroom G. Cause allotted for hearing on Apr 23, 2019 01:15 PM."

¶ 15     The next hearing was on April 23, 2019. The record includes a transcript of that hearing. At the beginning of the hearing, the circuit court announced the matters that were scheduled to be heard. Howell's motion for sanctions and attorney fees was not one of the matters, for the court already had heard that motion in the hearing of April 4, 2019:

"THE COURT: This is 18-L-185, F—18-F-415, 15-D-120. We have Ms. Howell by Mr. Steigmann. We have Mr. Payton representing himself. We have Mr. Wilson, who filed for fees against Mr. Payton. What we have pending, I believe, are Mr. Wilson's petition for fees against Mr. Payton. We have Mr. Payton's motion to reconsider. His contempt petition is not being heard today. We also have Mr. Steigmann's motions to dismiss. I believe those are in the L and the F case, correct?

MR. STEIGMANN: Yes.

THE COURT: All right. Do you have a recommendation, Mr. Steigmann, on the order? I do know we have Mr. Wilson here who may not have to participate in some other ones.

MR. STEIGMANN: I—I really don't have a recommendation, Judge. What I will tell the Court is I—I don't plan on participating in Mr. Wilson's portion, although, Judge, I suppose at least with the three pending pleadings for—for my portion, Judge, I guess it makes sense to do the second motion to reconsider first as far as my portion.

THE COURT: Okay. I think it might make the most sense. Mr. Wilson is here only on one issue here today. He did file on March 4th of this year in 15-D-120 a petition for setting final fees and costs. He attached the fee agreement. He attached his fees. This is against Mr. Payton. Mr. Payton, are you ready to proceed on that?

MR. PAYTON: Yes."

¶ 16    So, in the hearing of April 23, 2019, the circuit court first heard evidence and arguments on Wilson's motion for attorney fees, after which the court announced it was taking the matter under advisement. Wilson then asked to be excused, and the court excused him, whereupon Wilson left the courtroom. The court then heard a motion for reconsideration by Payton, in which Payton asked the court to vacate some unfavorable rulings the court had made against him. After hearing arguments, the court denied Payton's motion for reconsideration. Then the court scheduled a hearing on Payton's pending contempt motion. Finally, the court heard Howell's motions for dismissal in Champaign County case Nos. 18-F-415 and 18-L-185, which the court granted.

¶ 17    On July 31, 2019, the circuit court issued a 10-page decision on Howell's motion for sanctions and attorney fees and Wilson's motion for attorney fees. The court found that, by his motion to vacate all orders on the ground of an asserted lack of subject-matter jurisdiction, Wilson violated Rule 137. Accordingly, the court imposed sanctions in the amount of $1500 against

Wilson and in Howell's favor "as and for legal fees related to this [m]otion." Next, the court took up Wilson's motion for attorney fees. Of the $9872.25 that Wilson claimed against Payton, the court allowed Wilson only $3000. In arriving at that amount, the court discussed the frivolity of the jurisdictional argument Wilson had made. Also, the court noted that, in his motion for attorney fees, Wilson claimed "$450 from May 29, 2018[,] which included a court appearance" even though "there was no court that day."

¶ 18        This appeal followed.

¶ 19                                II. ANALYSIS

¶ 20                            A. The Rule 137 Sanctions

¶ 21                                1. *Notice*

¶ 22        A party or attorney who files a frivolous pleading, motion, or other document can be sanctioned upon motion or upon the circuit court's own initiative. Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018). Either way, before being sanctioned, the party or attorney must receive fair notice and a meaningful opportunity to argue against being sanctioned. *In re Marriage of Johnson*, 2011 IL App (1st) 102826, ¶ 38. A notice that sanctions are being contemplated against a party is not a notice that sanctions are being contemplated against the party's attorney. See *id.* ¶ 36. Wilson argues that although he received notice that Howell was seeking sanctions against his client, Payton, he received no notice that he, Wilson, also was being targeted for sanctions.

¶ 23        In her memorandum of March 7, 2019, Howell argued for sanctions against not only Payton but also his attorney, Wilson. Granted, the memorandum was never served on Wilson. Even so, it may well be that in the hearing of April 4, 2019—which, according to the docket entry, Wilson attended—Howell made the same argument, in Wilson's presence, that she had made in her memorandum. It would not be improbable. If that were the case, Wilson would have received

- 6 -

notice that Howell was seeking sanctions against him, and, consequently, he would have had an opportunity to make an opposing argument during the period of April 4 to July 31, 2019. We just do not know, and the reason why we do not know is that the record lacks a transcript of the hearing of April 4, 2019. We will resolve this ambiguity against the appellant, Wilson. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "When the appellant has failed to present this court with a complete record, the reviewing court must indulge in every reasonable presumption favorable to the judgment and will presume the trial court followed the law and had a sufficient factual basis for its ruling." *Lewandowski v. Jelenski*, 401 Ill. App. 3d 893, 902 (2010).

¶ 24        Wilson tries to substitute the transcript of April 23, 2019, for the missing transcript of April 4, 2019. He writes:

> "[Howell's] request for contribution to her attorney fees *only* sought relief against [Payton]. (C-1501) The transcript of the record of hearing before the trial court showed that Attorney Wilson was not present for that portion of the hearing. (R232) That hearing occurred on April 23, 2019, which was subsequent to the order of withdrawal of Attorney Wilson allowed by the trial court on February 21, 2019." (Emphasis in original.)

This paragraph of Wilson's brief is misleading. See Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018) (requiring that the statement of facts in a brief "contain the facts necessary to an understanding of the case, stated accurately and fairly"). The hearing on Howell's motion for sanctions and attorney fees occurred on April 4, 2019, not on April 23, 2019. Wilson's motion for attorney fees likewise was scheduled to be taken up in the hearing of April 4, 2019, but the circuit court granted Payton's oral motion for a continuance. Because the record lacks a transcript of the hearing held on April 4, 2019, we do not know if Wilson was present or absent during the portion of the hearing devoted

to Howell's motion for attorney fees and sanctions. All we have is the docket entry of April 4, 2019, which says, "Appearance of P. Wilson on his behalf." The docket entry does not say that Wilson was excused from the courtroom before Howell argued her motion for sanctions and attorney fees. We resolve the ambiguity against Wilson. See *id.*

¶ 25                2. *The Merits of the Decision to Impose Sanctions on Wilson*

¶ 26                "Rule 137 is intended to provide a sanction when a party or an attorney asserts a proposition of law which is contrary to established precedent." *Shea, Rogal & Associates, Ltd. v. Leslie Volkswagen, Inc.*, 250 Ill. App. 3d 149, 154 (1993). The relevant precedent in this case was *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325 (2002), in which the supreme court held:

> "With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution. [Citations.] Under section 9 of article VI [(Ill. Const. 1970, art. VI, § 9)], that jurisdiction extends to all 'justiciable matters.' [Citation.] Thus, in order to invoke the subject matter jurisdiction of the circuit court, a plaintiff's case, as framed by the complaint or petition, must present a justiciable matter." *Id.* at 334 (quoting Ill. Const. 1970, art. VI, § 9).

A " 'justiciable matter,' " the supreme court explained, was "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Id.* at 335.

¶ 27                In this case, Howell did not seek review of an administrative action. The question, then, was whether the controversy that she brought before the circuit court was "definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having

adverse legal interests." *Id.* Whether Howell's marriage to Payton should be dissolved or whether they even had a valid marriage in the first place could not be reasonably characterized as a hypothetical or moot controversy. It was, rather, a controversy of great practical consequence. Therefore, Wilson's challenge to the circuit court's subject-matter jurisdiction was contrary to *Belleville Toyota*, and by sanctioning him, the court did not abuse its discretion. See *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 487 (1998).

¶ 28      B. The Amount of Attorney Fees That Payton Should Pay Wilson

¶ 29      Wilson argues that the court further abused its discretion by allowing him only $3000 of the $9872.25 in attorney fees that he claimed from Payton. See *In re Marriage of S.D.*, 2012 IL App (1st) 101876, ¶ 53.

¶ 30      "In determining the reasonableness of attorney fees[,] courts consider the skill and standing of the attorney, the nature of the case, the degree of responsibility required, the usual and customary charges for services[,] and a reasonable connection between the fees and the litigation." *Id.* After sanctioning Wilson for filing a frivolous motion, the circuit court could have reasonably decided that Wilson had not used enough skill in this case to deserve the full amount of attorney fees he claimed. Also, by charging for a court appearance that never happened, Wilson might have shaken the court's confidence in the accuracy of his bill, leading the court to impose a discount. Wilson represents to us: "[W]hile there was no court appearance[,] there was an appearance at the courthouse[,] and a substantial period of time and expense was incurred in review of the court file and organizing the records ***." But accuracy still would be in question. As Wilson admits, "there was no court appearance" on May 29, 2018, even though, in his itemized statement, he certified that there was a "court appearance" that day. See 735 ILCS 5/1-109 (West 2018). If the bill is inaccurate in one particular, it might be inaccurate in other particulars. For those reasons, we are

unable to say it would be impossible for a reasonable person to take the court's view that $3000 is the amount of attorney fees that Payton should pay Wilson. See *Peach v. McGovern*, 2019 IL 123156, ¶ 25.

¶ 31                                    III. CONCLUSION

¶ 32        For the foregoing reasons, we affirm the circuit court's judgment.

¶ 33        Affirmed.