*In re* B.A. *et al.*, Minors (The People of the State of Illinois, Plaintiff, v. B.A. *et al.*, Defendants-Appellees (The Department of Corrections, Intervenor-Appellant)).

Third District   No. 3—96—0571

Opinion filed September 25, 1996.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Susan Frederick Rhodes (argued), Assistant Attorney General, of counsel), for appellant.

Andrewe W. Johnson (argued), of Lewistown, for appellee James Hughes.

Michael W. Menzhuber, Assistant State's Attorney, of Lewistown, for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The Illinois Department of Corrections (IDOC) brings this interlocutory appeal from an order of the circuit court of Fulton County and its refusal to vacate the order. The trial court ordered IDOC to bring James Hughes, an inmate at the Pontiac Correctional Center, to the Fulton County courthouse for visitation with his minor daughter, J.M. The order also required IDOC to allow J.M. to take pictures of Hughes and gave Hughes certain privileges to telephone J.M. and his attorney.

IDOC filed a timely notice of appeal from the trial court's order and the refusal to vacate. Initially, we note the parties have only cited authority and legal reasoning on the single issue of Hughes' visitation with J.M. Therefore, we will only review the propriety of the trial court's order directing IDOC to transport Hughes to the circuit court for visitation with J.M. We find that all other issues that could have been argued on appeal have been waived because the parties did not properly preserve them for review. See 155 Ill. 2d R. 341 (e)(7); *Weber v. Cueto*, 253 Ill. App. 3d 509, 524, 624 N.E.2d 442, 453 (1993).

On appeal, Hughes defends the trial court's visitation order on the grounds that: (1) it is permissible under the Juvenile Court Act of 1987 (the Act) (705 ILCS 405/1—1 *et seq.* (West 1994)); (2) section 10—135 of the Code of Civil Procedure (*habeas corpus ad testificandum* statute) (735 ILCS 5/10—135 (West 1994)) provides a basis for the order; and (3) his procedural and substantive due process rights are implicated in this case.

Following our careful review of the record and applicable law, we reverse and vacate that portion of the trial court's order directing IDOC to transport Hughes to the Fulton County courthouse for visitation with his daughter.

## FACTS

On October 11, 1995, the State instituted abuse and neglect proceedings regarding J.M. and other minor children based on the conduct of their mother and stepfather. A guardian *ad litem* was appointed to represent the interests of the minor children. The record shows that Hughes, J.M.'s biological father, had never met his 13-year-old daughter prior to the trial court's order. Hughes is incarcerated at the Pontiac Correctional Center as the result of a felony conviction for threatening a public official. Hughes was given notice of the proceedings in Fulton County, and an attorney was appointed to represent Hughes' interests. J.M. expressed, through the guardian *ad litem*, a desire to meet her biological father.

On March 5, 1996, the trial court issued an order directing IDOC: (1) to allow Hughes to receive telephone calls from his attorney at various times selected by the court; (2) to allow J.M. to photograph Hughes; (3) to bring Hughes to the Fulton County courthouse for visitation with J.M. approximately one hour prior to each court proceeding related to the abuse and neglect proceedings; and (4) to allow J.M. to call Hughes once per month for 30 minutes.

IDOC intervened and sought to vacate the trial court's order. On June 4, 1996, the court denied IDOC's request to vacate the order. The court determined: (1) the case is controlled by the provisions of the Act, which require that it should be "liberally construed" to strengthen a minor's family ties whenever possible; (2) that *People v. Lego*, 212 Ill. App. 3d 6, 570 N.E.2d 402 (1991), does not provide a basis for vacating the order; and (3) a slight modification of the telephone portion of the order was necessary to comply with IDOC's policies.

## ANALYSIS

### I. The Juvenile Court Act

The trial court stated that its order was based on the Act. Section 1—5 of the Act states: "[T]he minor *** and his parents, guardian, legal custodian or responsible relative who are parties respondent have the right to be present, to be heard, to present evidence material to the proceedings, to cross-examine witnesses, to examine pertinent court files and records and also *** to be represented by counsel." 705 ILCS 405/1—5 (West 1994). We note that while Hughes is a necessary party respondent under the Act, his presence in court is not required during the abuse and neglect hearing. See *In re C.J.*, 272 Ill. App. 3d 461, 465, 650 N.E.2d 290, 293 (1995). The record is clear that the abuse and neglect hearing involves allegations against J.M.'s mother and stepfather, not Hughes.

■ Hughes claims the authority for the trial court's order comes from the language of the Act that says it is to be "liberally construed" to "strengthen the minor's family ties." 705 ILCS 405/1—2 (West 1994). We find no merit to this argument.

IDOC is charged by the General Assembly with maintaining programs of control, rehabilitation and employment of prisoners. 730 ILCS 5/3—2—2(a) (West 1994). IDOC has the power to assign prisoners to any of its facilities throughout the State. 730 ILCS 5/3—2—2(b) (West 1994). Courts should not intervene in the internal operations of the penitentiary system of this State without specific statutory authority. *People ex rel. Willis v. Department of Corrections*, 51 Ill. 2d 382, 385, 282 N.E.2d 716, 718 (1972); *Lego*, 212 Ill. App. 3d at 8, 570 N.E.2d at 404.

Our supreme court has cautioned against using the Act's language as an excuse to engage in judicial legislation. *In re M.M.*, 156 Ill. 2d 53, 67, 619 N.E.2d 702, 710 (1993). The court has also warned trial courts not to use the "best interests of the child" standard as a means to impose conditions that are not contained in the Act. *In re M.M.*, 156 Ill. 2d at 69, 619 N.E.2d at 712. The court noted: "When a court's power to act is controlled by statute, the court is governed by the rules of limited jurisdiction [citation], and courts exercising jurisdiction over such matters must proceed within the strictures of the statute." *In re M.M.*, 156 Ill. 2d at 66, 619 N.E.2d at 710.

We find no language in the Act or in any reported case supporting Hughes' claim that the trial court has authority to order the transportation of an IDOC inmate to the circuit court of Fulton County for visitation with his daughter.

## II. The *Habeas Corpus Ad Testificandum* Statute

■ The proper procedure for bringing a prisoner before the circuit court is the *habeas corpus ad testificandum* statute. *People v. Collins*, 249 Ill. App. 3d 924, 927, 619 N.E.2d 871, 874 (1993). The statute provides:

"The several courts having authority to grant relief by habeas corpus, may enter orders, when necessary, to bring before them any prisoner to testify, or to be surrendered in discharge of bail, or for trial upon any criminal charge lawfully pending in the same court or to testify in a criminal proceeding in another state ***." 735 ILCS 5/10—135 (West 1994).

In the case before us, the *habeas corpus ad testificandum* statute does not support the trial court's order. Moreover, there is absolutely no mention in the trial court's order of the *habeas corpus ad testificandum* statute. In addition, Hughes was not brought to the circuit court: (1) to testify; (2) for surrender in discharge of bail; (3) for trial in a pending criminal charge; or (4) to testify in a criminal proceeding in another state. Because none of the statutory conditions apply, we find no authority in the *habeas corpus ad testificandum* statute to support the trial court's order. *Lego*, 212 Ill. App. 3d at 8, 570 N.E.2d at 404.

## III. Procedural Due Process

Next, Hughes argues that his procedural due process rights require his presence in the circuit court to secure the visitation privileges granted by the trial court's order. Again, we disagree.

■ It is axiomatic that lawful incarceration necessarily deprives an individual of many of the rights and privileges that are available

to an ordinary citizen. *Ivey v. Harney*, 47 F.3d 181, 186 (7th Cir. 1995); *In re C.J.*, 272 Ill. App. 3d at 464, 650 N.E.2d at 293. We agree with Hughes that the law is well settled that a parent's interest in maintaining a relationship with his child is a fundamental liberty interest protected by the due process clause of the fourteenth amendment. See *In re C.J.*, 272 Ill. App. 3d at 464, 650 N.E.2d at 293. However, we find no support in this case for Hughes' claim that his procedural due process rights have been violated.

The circuit court proceeding involving J.M. does *not* seek to terminate Hughes' parental rights. Also, the abuse and neglect petition affects the rights of J.M.'s mother, *not* Hughes. The record clearly reflects that Hughes had no involvement in J.M.'s life prior to the State's filing of the abuse and neglect petition. Finally, we note that none of the parties intend to call Hughes as a witness in the abuse and neglect case. Accordingly, we find from the record that Hughes has no fundamental liberty interest implicated in this appeal.

Hughes is represented by appointed counsel in the abuse and neglect proceedings. Hughes' attorney should be able to adequately represent and protect Hughes' legal interests before the circuit court. Furthermore, from our review, we find no statutory reason or procedural right requiring Hughes to be physically present in the circuit court of Fulton County. Consequently, we find no merit to Hughes' claim that IDOC should transport him to the circuit court because his procedural due process rights are implicated in the abuse and neglect case. *Cf. In re C.J.*, 272 Ill. App. 3d 461, 650 N.E.2d 290 (1995).

## IV. Substantive Due Process

■ Finally, Hughes argues that he has a substantive due process right to visitation with his daughter. We agree with Hughes' statement that, under substantive due process, the right to familial relations is a fundamental liberty interest protected by the Illinois and United States Constitutions. *People v. R.G.*, 131 Ill. 2d 328, 342-43, 546 N.E.2d 533, 540-41 (1989). However, the United States Supreme Court has said in the context of a prisoner's fundamental rights that a prison regulation need only be *reasonably related to legitimate penological objectives* to pass constitutional muster. *Turner v. Safley*, 482 U.S. 78, 87, 96 L. Ed. 2d 64, 77-78, 107 S. Ct. 2254, 2260-61 (1987).

As IDOC correctly points out, Hughes is free to visit J.M. during regular visitation hours at the Pontiac Correctional Center. Certainly, IDOC has a legitimate interest in maintaining the security of prisoners and the safety of the citizens of Illinois, in addition to

limiting the cost of unnecessarily transporting prisoners. Consequently, we determine that IDOC's curtailment of Hughes' courthouse visitation is reasonably related to legitimate penological objectives.

Finally, we would be remiss if we did not take judicial notice of the fact that the Pontiac Correctional Center is a maximum security facility currently on lockdown. Hughes was lawfully convicted of a felony punishable by imprisonment and IDOC assigned him to Pontiac. It is clearly within the sound discretion of IDOC to determine whether Hughes poses a security risk and to restrict his visitation rights to the Pontiac Correctional Center.

In sum, we find no violation of Hughes' substantive due process rights and agree with IDOC that the trial court's order is "inconsistent with imprisonment itself [and] incompatible with the objectives of incarceration." *Hudson v. Palmer*, 468 U.S. 517, 523, 82 L. Ed. 2d 393, 401, 104 S. Ct. 3194, 3198 (1984).

## CONCLUSION

For the reasons stated, we find the trial court's order has no support in the Act, the *habeas corpus ad testificandum* statute or the constitutional requirements of procedural and substantive due process. As a consequence, we find the trial court had no authority to enter that portion of the order requiring IDOC to transport Hughes to the Fulton County courthouse to facilitate visitation with his daughter.

Accordingly, we reverse and vacate the order of the circuit court of Fulton County.

Reversed and vacated.

SLATER and LYTTON, JJ., concur.