Sixth Division

Filed: 06/30/98

No. 1-96-1822

IN RE THE MARRIAGE OF ) Appeal from the Circuit

) Court of Cook County

IRWIN SCHNEIDER, )

)

Petitioner/Appellant/Cross-Appellee, )

)

and )

)

PEGGY ODELL SCHNEIDER, )

)

Respondent, )  No. 91 D 12177

)

(BERNARD B. RINELLA, Esq., and )

WALTER J. MONCO, Esq., )

)

Appellants/Cross-Appellees, )

)

and )

)

ERNEST SEMERSKY, )  Honorable

)  Richard S. Kelly,

Additional Party Defendant/Appellee/Cross-Appellant). )  Judge Presiding.

JUSTICE ZWICK delivered the opinion of the court:

Petitioner, Irwin Schneider, and his trial counsel, Bernard B. Rinella and Walter J. Monco, appeal the trial court's imposition of sanctions against them pursuant to Supreme Court Rule 137.  Additional Party Defendant Ernest Semersky has filed a cross-appeal, challenging the trial court's refusal to award a portion of the attorney fees requested in his petition.  We affirm the rulings of the trial court.

The record reveals that on August 2, 1991, petitioner Irwin Schneider filed a petition for dissolution of marriage, alleging, 
inter
 
alia
, that respondent Peggy Odell Schneider had engaged in an adulterous affair with Ernest Semersky.  Thereafter, on December 16, 1991, Irwin filed a second amended petition for dissolution.  That petition named Semersky as an additional party defendant and included an allegation as follows:

"19.  That IRWIN strongly believes from statements made to him by PEGGY and ERNEST SEMERSKY that PEGGY has transferred or caused to be transferred certain marital and non-marital assets of the parties into the possession of ERNEST SEMERSKY in order to defeat any interest in said assets being held by ERNEST SEMERSKY which the Court on final disposition of this cause may determine should be the property of IRWIN SCHNEIDER."

In addition, the second amended petition sought imposition of a constructive trust upon marital assets purportedly held by Ernest Semersky and requested an order requiring Semersky to account for his management of those assets.

On December 30, 1991, Ernest Semersky filed a demand for a bill of particulars, requesting, 
inter
 
alia
, that Irwin provide the following information:

"2.  State in detail the specific statements alleged to be made to petitioner Irwin Schneider by respondent and defendant Semersky concerning the alleged transfer of property as complained of in paragraph 19 of Count II of the Petition including, but not limited to:

a) the date of the statement;

b) the approximate time of the statement; 

c) the place at which the statement was made;

d) the person who made the statement;

e) the content of the statement; and 

f) identify any other persons present at the time that the statement was made.

3.  Identify each item of non-marital property alleged to be transferred to defendant Semersky as complained of in paragraph 19 of Count II of the Petition including the location of each item prior to the alleged transfer.

4.  Identify each item of marital property alleged to be transferred to defendant Semersky as complained of in paragraph 19 of Count II of the Petition including the location of each item prior to the alleged transfer."

Irwin's response to the demand for a bill of particulars asserted that on January 1, 1991, and on various other dates in March and April 1991, Peggy and Ernest made statements that "Irwin should invest funds with Ernest who stated he could earn as much as 10 times the amount which Irwin would invest with him."  Irwin also identified several items of jewelry and other personal property which "may have come into [Ernest's] possession."  Finally, Irwin asserted, on information and belief, that an unidentified sum of "marital funds" had been transferred by Peggy to Ernest during 1991.

In his answer to the second amended petition for dissolution, Semersky denied each of the allegations against him.

Both Irwin and Peggy were deposed in November 1992.  During their depositions each of the parties was asked several questions which specifically related to Ernest Semersky.  On three separate occasions, counsel for Irwin caused notices to issue for the deposition of Semersky.  However, on each of those occasions, the deposition was either postponed or cancelled.  Counsel for Irwin never sought to compel Ernest's appearance for the deposition.

The financial issues in the case were tried before the court in January 1993.  After three and one-half days of testimony, Irwin rested his case-in-chief, without offering any evidence to support the allegations made against Semersky.  At that time, Semersky brought a motion for entry of judgment in his favor, which the trial court granted.  The court also retained jurisdiction over the matter in order to consider a petition by Semersky for Rule 137 sanctions based upon Irwin's assertion of claims which were not well grounded in fact or predicated upon a reasonable inquiry.

Counsel for Semersky subsequently filed a petition pursuant to Supreme Court Rule 137, seeking costs, attorney fees, and sanctions against Irwin and his trial counsel, Bernard B. Rinella and Walter J. Monco.  Upon consideration of briefs and argument by all parties, the trial court determined that Semersky was entitled to costs and fees incurred in the property and financial portion of the case, but he was not entitled to any costs or fees incurred as a result of his participation in the custody phase of the proceedings.  The court ordered that Semersky's attorney submit an amended petition and affidavit which deleted any entries relating to the custody issue.  

On January 9, 1996, the court entered an order which stated that all requirements for the imposition of Rule 137 sanctions had been met and awarded Semersky costs and attorney fees in the amount of $22,187.42.  This order specifically found that Irwin had failed to present a 
prima
 
facie
 case on his claim against Semersky.  In addition, the court found that the pleadings directed against Semersky and signed by Irwin and his attorneys were not based upon a reasonable inquiry prior to filing, were not well grounded in fact, and were in violation of Supreme Court Rule 137.

On February 15, 1996, Irwin and his attorneys filed a motion for reconsideration of the order entered January 9, 1996.  The court denied this motion, and the instant appeal was filed on May 16, 1996.  Semersky filed a timely notice of cross-appeal on May 30, 1996, challenging the denial of fees and costs incurred in his participation of the custody phase of the proceedings.

We initially address the argument by Irwin and his attorneys that the trial court committed reversible error in failing to make sufficiently specific findings to justify the imposition of sanctions in this case.  We find this argument unpersuasive.

Rule 137 provides that when sanctions are imposed under the rule, the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order."  See 155 Ill. 2d R. 137.  This requirement has been interpreted to require trial courts to make explicit factual findings as to the reasons for the imposition of sanctions.  See 
Airolen Capital Ventures v. Petri
, 265 Ill. App. 3d 80, 82-83, 637 N.E.2d 1256 (1994); 
Bertuli v. Gaull
, 215 Ill. App. 3d 603, 605, 574 N.E.2d 1390 (1991).  The specific factual basis of the court's decision is necessary to enable the reviewing court to determine whether: (1) the circuit court's decision was an informed one; (2) the decision was based on valid reasons that fit the case; and (3) the decision followed logically from the application of the reasons stated to the particular circumstances of the case.  
North Shore Sign Co. v. Signature Design Group, Inc.
, 237 Ill. App. 3d 782, 790-91, 604 N.E.2d 1157 (1992); 
In re Estate of Smith
, 201 Ill. App. 3d 1005, 1009-10, 559 N.E.2d 571 (1990).  Merely reciting the language of the rule is insufficient to satisfy the requirement of specificity.  
Bertuli
, 215 Ill. App. 3d at 605.

The only allegation against Semersky which related to property or financial issues was contained in paragraph 19 of Count II of the second amended petition for dissolution.  The substance of that paragraph alleged that Peggy had transferred to Semersky certain marital and non-marital assets in order to defeat Irwin's interest therein.

At the August 3, 1995, hearing on Semersky's petition for sanctions, the trial judge specifically addressed the obligation of the petitioner to conduct a pre-filing investigation.  In response to the court's inquiries, neither Irwin nor his attorneys offered any explanation as to what investigation had been made prior to the filing of the second amended petition.  Rather, counsel for Irwin argued only that Rule 137 sanctions were inappropriate in this case, where Semersky had refused to comply with pre-trial discovery requests.  The court replied, stating, "under Rule 137, you were to have made an investigation before filing a document.  Therefore, that investigation would -- you could have put that proof in, at least.  ***  [E]ven if discovery was not forthcoming, there had to be evidence, or should have been evidence, that warranted the filing of the complaint in the first place, and that evidence was, presumably -- that evidence was in your control prior to any discovery, and that evidence, therefore, could have been put in, even if discovery were not complied with."

As noted above, the order entered by the trial court on January 9, 1996, specifically found that Irwin had failed to present a 
prima
 
facie
 case on his claim against Semersky, explicitly referring to the complete lack of evidence at trial in support of the allegations contained in paragraph 19 of Count II of the second amended petition.  In addition, the court found that the pleadings directed against Semersky and signed by Irwin and his attorneys were not based upon a reasonable inquiry prior to filing and were not well grounded in fact.  Thus, the order clearly and adequately stated the basis for finding a Rule 137 violation.  See 
Koch v. Carmona
, 268 Ill. App. 3d 48, 53-54, 643 N.E.2d 1376 (1994).  We find that the trial court's order awarding Rule 137 sanctions articulated sufficiently specific factual findings to support the imposition of sanctions.  Therefore, we will not reverse the ruling of the trial court on this ground.

We next consider the assertion that the trial court erred in imposing sanctions where Semersky failed to establish that Irwin made false allegations without reasonable cause.  Supreme Court Rule 137 allows a court to impose sanctions against a party or counsel who files a pleading or motion that is not well grounded in fact, is not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, or is interposed for any improper purpose. 155 Ill. 2d R. 137.  The rule serves to penalize the litigant or attorney who pleads false or frivolous matters, or who brings suit without any basis in the law.  
In re Estate of Wernick
, 127 Ill. 2d 61, 77, 535 N.E.2d 876 (1989); 
Senese v. Climatemp, Inc.
, 289 Ill. App. 3d 570, 581, 682 N.E.2d 266 (1997); 
Swanson v. Cater
, 258 Ill. App. 3d 157, 162, 630 N.E.2d 193 (1994).  Rule 137 imposes an affirmative duty on attorneys and litigants alike to conduct an investigation of the facts and the law before filing an action, pleading, or other paper.  
O'Brien & Associates, P.C. v. Tim Thompson, Inc.
, 274 Ill. App. 3d 472, 482, 653 N.E.2d 956 (1995); 
Couri v. Korn
, 202 Ill. App. 3d 848, 855, 560 N.E.2d 379 (1990).

The determination of whether to impose sanctions rests within the sound discretion of the trial court and that decision is entitled to great weight and will not be disturbed on review absent an abuse of discretion.  
Yassin v. Certified Grocers of Illinois, Inc.
, 133 Ill. 2d 458, 467, 551 N.E.2d 1319 (1990); 
Senese
, 289 Ill. App. 3d at 581-82; 
Doe v. Roe
, 289 Ill. App. 3d 116, 131, 681 N.E.2d 640 (1997); 
Bennett & Kahnweiler, Inc. v. American National Bank & Trust Co.
, 256 Ill. App. 3d 1002, 1007, 628 N.E.2d 426 (1993).  The standard for evaluating a party's conduct under this rule is one of reasonableness under the circumstances existing at the time the pleading was filed.  
Bennett & Kahnweiler, Inc.
, 256 Ill. App. 3d at 1007.  A trial court is said to exceed its discretion regarding the imposition of sanctions under Rule 137 only where no reasonable person would take the view adopted by it.  
Senese
, 289 Ill. App. 3d at 582; 
Board of Library Trustees v. Cinco Construction, Inc.
, 276 Ill. App. 3d 417, 426, 658 N.E.2d 473 (1995).

A party seeking the imposition of Rule 137 sanctions against an opponent is the burdened party (
Yassin
, 133 Ill. 2d at 467), and a hearing is necessary to determine whether any untrue statement within a pleading was made without reasonable cause, unless the court's determination of the issue can be made on the basis of the pleadings or trial evidence.  
Century Road Builders, Inc. v. City of Palos Heights
, 283 Ill. App. 3d 527, 531, 670 N.E.2d 836 (1996).  See also 
In re Estate of Smith
, 201 Ill. App. 3d 1005, 559 N.E.2d 571 (1990); 
Beno v. McNew
, 186 Ill. App. 3d 359, 542 N.E.2d 533 (1989).

Here, the trial court clearly did not abuse its discretion in imposing Rule 137 sanctions.  As previously stated, when questioned by the court at the Rule 137 hearing, neither Irwin nor his attorneys offered any indication that a pre-filing investigation had been conducted to support the allegations against Semersky.  In addition, Irwin's response to Semersky's demand for a bill of particulars indicated only that on various dates in the winter and spring of 1991, Peggy and Ernest made statements that "Irwin should invest funds with Ernest who stated he could earn as much as 10 times the amount which Irwin would invest with him."  Irwin also identified several items of jewelry and other personal property which "may have come into [Ernest's] possession.  Finally, Irwin asserted, on information and belief, that an unidentified sum of "marital funds" had been transferred by Peggy to Ernest during 1991.  These answers establish that, at the time the petition was filed, Irwin and his counsel lacked a factual basis to support the claim asserted in paragraph 19.  In addition, it is abundantly clear that neither Irwin nor his counsel endeavored to conduct a reasonable inquiry prior to filing the petition naming Semersky as an additional party defendant.  Indeed, it appears that they did not engage in even a minimal investigation of the claims against Semersky before filing suit.  

In our view it is beyond dispute that imposition of sanctions is appropriate where a defendant is required to endure unnecessary litigation and incur needless expense due to the plaintiff's violation of rule 137 by filing of unsubstantiated pleadings based upon allegations which were never subjected to a reasonable inquiry.  See 
Rios v. Valenciano
, 273 Ill. App. 3d 35, 652 N.E.2d 416 (1995); 
Swanson
, 258 Ill. App. 3d at 162-63.  Accordingly, we find no abuse of discretion by the trial court.

We also reject the contention that the court erred in imposing Rule 137 sanctions because that result serves to punish Irwin for electing not to compel compliance with discovery.  Semersky's refusal to appear for his deposition or to otherwise comply with discovery is irrelevant to the issue of whether it was appropriate to impose Rule 137 sanctions against Irwin and his counsel.  As the trial court recognized, Irwin and his trial counsel were obligated to conduct a pre-filing investigation to assess whether there was a sufficient factual basis on which to premise the claim contained in paragraph 19.  Semersky's subsequent lack of cooperation cannot be asserted as justification or explanation for the prior filing of the second amended petition without the requisite investigation.  Consequently, we find no error.

In his cross-appeal, Semersky challenges the trial court's refusal to award attorney fees and costs for the custody phase of the proceedings.  In support of this claim, Semersky relies primarily upon the opinions in 
Rios v. Valenciano
, 273 Ill. App. 3d 35, 652 N.E.2d 416 (1995), and in 
Ashley v. Scott
, 266 Ill. App. 3d 302, 640 N.E.2d 677 (1994), where the court held it was an abuse of discretion to deny sanctions for the entire proceedings.  We find, however, that those decisions were premised upon facts which are radically different from those presented in the case at bar.  Here, the trial court conducted a bifurcated proceeding, hearing the issues of custody and property separately.  Thus, Semersky and his counsel were well aware that the hearings on the issue of custody did not involve either actual or potential claims against Semersky.  As a result, his appearance at those proceedings and the presence of his attorney were neither mandatory nor necessary in order to protect his interests.  See generally 
In re B.A.
, 283 Ill. App. 3d 930, 933, 671 N.E.2d 69 (1996).

Rule 137 vests the trial court with broad discretion in imposing a sanction which is appropriate.  See 
Bachmann v. Kent
, 293 Ill. App. 3d 1078, 1086, 689 N.E.2d 171 (1997).  We hold that the trial court correctly determined that Semersky was not entitled to fees for that portion of the proceedings which involved custody of the minor children.

Finally, we address Semersky's claim that he is entitled to an award of fees for defending the instant appeal.

Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)) provides that if the court determines that an appeal is frivolous, or that it is not taken in good faith, it may impose an appropriate sanction, including reasonable attorney fees. If, under an objective standard of conduct, a reasonably prudent attorney in good faith could have brought the appeal, a request for sanctions will be denied.  
Bank of Chicago v. Park National Bank
, 277 Ill. App. 3d 167, 174, 660 N.E.2d 19 (1995); 
Ben Franklin Financial Corp. v. Davis
, 226 Ill. App. 3d 414, 421-22, 589 N.E.2d 857 (1992).  
We deny Semersky's request for appellate fees because we find that, under an objective standard of conduct, a reasonably prudent attorney acting in good faith could have brought this appeal.

For the foregoing reasons, the judgment of the circuit court is affirmed, and Semersky's request for appellate fees is denied.

AFFIRMED.

GREIMAN, J., and QUINN, J., concur.