NOTICE
Decision filed 08/08/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220564-U

NO. 5-22-0564

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| BRIAN K. SIDES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 20-OP-101 |
| | ) | |
| CRISTINA M. MANUEL, | ) | Honorable Anna Benjamin |
| | ) | and Ronda Holliman, |
| Respondent-Appellee. | ) | Judges, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and McHaney concurred in the judgment.

**ORDER**

¶ 1  *Held*: The circuit court did not err in striking and dismissing the appellant's petition for an order of protection and imposing sanctions against the appellant pursuant to Illinois Supreme Court Rule 137. Denial of emergency relief on his petition was not against the manifest weight of the evidence, and the court's determination that the appellant failed to state a claim that would entitle him to relief under the Illinois Domestic Violence Act (750 ILCS 60/101 *et seq.* (West 2020)) was appropriate. Furthermore, the court did not abuse its discretion in sanctioning the appellant or in placing restrictions on his future filings with the court, where the court found that he was using the litigation process to make unfounded, offensive statements meant to harass the respondent-appellee. Therefore, the judgment of the circuit court is affirmed.

¶ 2  This matter arises out of a petition for order of protection (petition) filed by petitioner-appellant Brian Sides against respondent-appellee Cristina Manuel. Manuel filed a motion to strike and dismiss the petition. The circuit court granted her motion, striking part of the petition, dismissing the rest, and imposed sanctions against Sides. In addition to sanctions in the form of

1

attorney fees, the court restricted Sides from filing any future motions or pleadings without leave of court, with the exception of notices of appeal. Sides now appeals, *pro se*, from the circuit court's order assessing sanctions against him, as well as the underlying order striking and dismissing his petition and awarding sanctions.

¶ 3                                    BACKGROUND

¶ 4     The parties in this matter were involved in number of pending cases during the relevant time period, including a family law case.[1] The parties are parents to two children, a daughter and son, who were aged 16 and 12, respectively, at the time that Sides filed his petition. The court had entered a temporary parenting order in the related family law case on June 17, 2019, which awarded the majority of parenting time to Manuel and regular parenting time to Sides. Manuel had also previously requested an order of protection against Sides in another case; she did not seek to include the children as protected parties.

¶ 5     On February 5, 2020, Sides filed a petition for order of protection against Manuel in the underlying case, seeking relief on behalf of the parties' two minor children. This was approximately one month after Manuel filed her aforementioned petition, and approximately two days before the plenary hearing date on Manuel's petition. In his petition, Sides requested that both children be listed as protected parties, that Manuel be ordered not to abuse or harass him or the children, and that he be granted physical care and possession of the children and significant decision-making responsibility for them. He further sought the restriction of Manuel's parenting time, specifying "non-sleep over parenting for Mom," and that she never be allowed to sleep with the children.

---

[1]The court may take judicial notice of matters generally known to the court and not subject to reasonable dispute, including matters of record in its own proceedings. See *In re A.B.*, 308 Ill. App. 3d 227, 237 (1999).

¶ 6    In a two-page attachment to his petition, Sides wrote that the parties' 16-year-old daughter had told him that Manuel had been sleeping in the same bed as their 12-year-old son almost every night for the past several months. Sides stated that he did not know, but suspected, that Manuel was engaging in a sexual relationship with their son, and/or was grooming him for a future sexual relationship. He also made several derogatory allegations about Manuel's physical and mental health in his petition, as well as graphic, disparaging remarks about her sexual conduct, in alleged support of his claims. Sides concluded that he was "gravely concerned" about the alleged sleeping arrangement and the "serious endangerment" of his son. He additionally stated that he had provided the same information to the Department of Children and Family Services (DCFS).

¶ 7    In an *ex parte* hearing, the circuit court denied Sides' request for an emergency order of protection and set the matter for a plenary hearing. On February 12, 2020, Manuel filed a motion to strike and dismiss and motion for sanctions (motion) in response to Sides' petition. She sought to strike the statements of Sides' petition that were based on alleged hearsay from the parties' minor daughter, as well as the scandalous, immaterial comments about her sexual history and conduct. She also moved to dismiss the petition pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)), arguing that Sides did not make any allegations of abuse as required under the Illinois Domestic Violence Act of 1986 (750 ILCS 60/101 *et seq.* (West 2018)), and any statements purporting to constitute such allegations were conclusory remarks unsupported by specific factual allegations and/or the aforementioned comments that ought to be stricken. Lastly, she moved for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) because Sides filed his petition without a good-faith basis, and for the purpose of harassing and embarrassing Manuel and prolonging litigation in the parties' family law case;

3

she added that Sides was a licensed attorney at the time of filing his petition and was aware of pleading requirements and of the supreme court rules.

¶ 8 On February 28, 2022, the court heard oral argument on Manuel's motion, through counsel, and from Sides, *pro se* and in the custody of the county sheriff as he was incarcerated for direct criminal contempt of court at the time. The court took the matter under advisement and allowed Sides time to file a response. He did not file a response by the deadline.

¶ 9 The court entered a memorandum opinion and order on August 1, 2022. In its order, the court began by noting that the parties had a number of pending cases between them, and the court had previously heard multiple days of testimony and evidence in the parties' family law case relating to the permanent allocation of parental responsibilities. The court had also heard various motions relating to parenting time in that case, granted Sides' counsel's motion to withdraw, and heard Manuel's motion to restrict abusive litigation. The court noted that it had found Sides in direct criminal contempt based on his behavior before the court.

¶ 10 In summarizing Sides' petition, the court stated, "Sides feigns concern for Manuel and her mental health, and he superficially admits to a lack of knowledge about certain allegations. Yet, he lists multiple highly prejudicial accusations, which have no bearing on whether Manuel abused their child." The court also addressed Sides' contention that he did not receive proper notice or a copy of Manuel's motion, finding that his argument was without merit because the certificate of service included with her motion and signed by her counsel was *prima facie* proof that the motion was properly submitted to Sides via U.S. Mail, and that Sides further received notice of the hearing when he appeared at an earlier hearing in the family law matter.

¶ 11 The court also listed Sides' arguments at the hearing in support of his petition. He stated that he became concerned about Manuel's behavior when his daughter raised her concerns to him,

4

and that it was not unlawful for him to include her hearsay statements. He said that if he wanted to harm Manuel, he would have called DCFS instead of filing a petition that would not be accessible to any third party, and that Manuel was harmed more by calling her motion for hearing than by merely filing the allegations. He also stated that he believed his filing the petition was successful because he believed the alleged behavior had stopped.

¶ 12    Manuel argued that the petition was one example of the many harassing filings by Sides. She asserted that the language of his petition was abusive and unnecessary. She further alleged that Sides contradicted himself by stating that he would have called DCFS if he wished to harm her, because he verified under oath in his petition that he had already provided the same information to DCFS.

¶ 13    The court's order struck part of Sides' petition and dismissed the rest. In its analysis, the court noted that the only factual allegation contained in the two-page attachment to Sides' petition was that he found out through his daughter that Manuel was sleeping in the same bed as their 12-year-old son. He did not allege that Manuel had engaged in any behavior that would constitute abuse under the Illinois Domestic Violence Act. Instead, he merely concluded that, based on the hearsay statement and his own purported knowledge of Manuel that had nothing to do with their children, she may be engaging or planning to engage in an inappropriate sexual relationship with their minor son.

¶ 14    The court struck all of these statements, and further struck the remaining statements Sides made in the attachment to his petition. The court found that the allegations about Manuel's history, attire, physical health, mental health, and sexual conduct had little, if any, probative value on the issue of child abuse and what little probative value might be contained in Sides' statements was "substantially outweighed by the danger of unfair prejudice." According to the court, the

allegations were "designed to create the impression that Manuel is a deviant person, and, therefore, she is capable of sexually abusing her child." However, none of Sides' statements actually alleged that she was abusing their son. Therefore, the court struck the allegations contained in Sides' two-page attachment to the petition.

¶ 15    Next, the court found that, after striking the irrelevant allegations and unsupported factual allegations, Sides' petition failed to state any cause of action upon which relief could be granted. The court found no well-pleaded facts that would support a finding of abuse, and that a liberal construction of the pleadings would not save the petition from "being completely devoid of substance." Therefore, the court dismissed the remainder of the petition with prejudice.

¶ 16    The court also imposed sanctions against Sides pursuant to Rule 137 and ordered Manuel's counsel to file an affidavit of attorney fees. Additionally, the court ordered that Sides must obtain leave of court prior to filing any further motions or pleadings in the matter, with the exception of notices of appeal, and imposed page and formatting limits on any such motions for leave to file. In explaining its decision, the court stated that the petition was not grounded in fact, instead stringing together "largely unrelated and unsupported factual allegations against Manuel in an attempt to scandalize her and her relationship with her child." Furthermore, while Sides "claims to have regard for Manuel, and tries to carefully sidestep making the ultimate allegation of sexual abuse, he draws the most egregious conclusions from what he claims to know." The court therefore determined that his conclusions were not reasonable under the circumstances, and the only purpose of the allegations seemed to be to harass and embarrass Manuel and needlessly increase her costs of litigation.

¶ 17    On August 15, 2022, Manuel's counsel filed and served a notice of hearing on Sides, notifying him that the hearing on the determination of monetary sanctions was set for August 30,

6

2022. Sides did not appear at the hearing. The circuit court held the hearing in his absence and assessed attorney fees and other monetary sanctions in the amount of $3000 against Sides.

¶ 18     Sides now appeals from the circuit court's order assessing sanctions, as well as the underlying orders striking and dismissing his petition and imposing sanctions and denying emergency relief. On appeal, he argues that his petition was never denied on the merits because Sides did not prosecute the petition, having allegedly "obtained information that the abuse had ceased." He further contends that the court improperly characterized his allegations, including by calling them highly prejudicial and claiming that he was feigning concern for Manuel.

¶ 19     Sides raises four issues on appeal. He first claims that the court's refusal to grant emergency relief on his petition was against the manifest weight of the evidence because he provided "ample evidence of ongoing abuse" warranting an emergency order of protection. He next argues that the court's refusal to require Manuel to properly serve Sides with a notice of hearing on the motion constituted an abuse of discretion, and that it was legally insufficient to notify him of the hearing date during a prior hearing, without requiring Manuel to provide written notice in the manner prescribed in the Rules of Practice of the Circuit Court, Sixth Judicial Circuit, Rule 2.1(d) (eff. Nov. 6, 2014) and Illinois Supreme Court Rule 11 (eff. July 1, 2021).

¶ 20     Sides' third and fourth points are that the circuit court abused its discretion in striking and dismissing his petition, as well as in sanctioning him. In support, he claims that the court threatened him in a retaliatory manner after he informed the judge that he intended to file documents relating to her misconduct in this case, as required by the court's order prohibiting Sides from filing anything without leave of court. He also contends that the court abused him in other ways, including, *inter alia*, causing his attorney to withdraw, restricting his visitation with his son, referring in its order to allegedly irrelevant occurrences in other cases between the parties, and

7

otherwise intimidating him from accessing the court. In summary, his arguments on these last two points are about the judge's supposed retaliatory antagonism and abuse towards him, as well as some allegedly untrue statements made about him by Manuel's counsel.

¶ 21                                    ANALYSIS

¶ 22                    A. Denial of Emergency Relief on the Petition

¶ 23    The Illinois Domestic Violence Act (Act) allows a petitioner to request from the court an *ex parte* emergency order of protection to protect the petitioner and/or specified persons from harassment, abuse, threats, neglect, interference with personal liberties, or exploitation. 750 ILCS 60/101 *et seq.* (West 2022). When filing on someone else's behalf, the petitioner has the burden of proving that the individual or individuals to be protected have suffered "abuse[ ] by a family or household member" and, "because of age, health, disability, or inaccessibility, cannot file the petition." *Id.* § 201(b)(i).

¶ 24    The Act requires the court to make a finding of abuse by a preponderance of the evidence. *Best v. Best*, 223 Ill. 2d 342, 348 (2006). We will not disturb the circuit court's determination unless it is against the manifest weight of the evidence. *Id.* A judgment is against the manifest weight of the evidence "if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *Id.* at 350 (citing *In re D.F.*, 201 Ill. 2d 476, 498 (2002)). In determining whether a judgment is against the manifest weight of the evidence, we review the evidence in the light most favorable to the appellee. *In re Marriage of Bates*, 212 Ill. 2d 489, 516 (2004). Under the manifest weight of the evidence standard, we accord deference to the circuit court as the finder of fact because it is best positioned to observe the conduct and demeanor of the parties and witnesses. *Id.* at 515.

8

¶ 25    As Manuel notes on appeal, there is no transcript of the *ex parte* hearing in the record, and we therefore rely on the pleading itself to review the circuit court's denial of emergency relief. For the reasons further discussed below in our review of the court's striking and dismissing the petition, we find that Sides failed to meet his burden of showing that the children were abused by Manuel. As stated by the court in its ruling on Manuel's motion, Sides failed to plead abuse in his petition, instead making conclusory, unsupported, and derogatory allegations about Manuel.

¶ 26    Reserving further review of the sufficiency of his pleadings for section C of our order, we note here that he specifically stated, in a section of his attachment to the petition entitled "Facts I don't know," that he did not know whether she was "grooming" their son and/or whether she was engaging in inappropriate sexual relations with him, nor did he have evidence to support any such accusations. Finding nothing in the record that would support his request for an emergency order of protection, we affirm the circuit court's denial of emergency relief.

¶ 27                            B. Notice of Hearing

¶ 28    The local rules of the circuit court, Sixth Circuit, require the moving party to provide written notice of hearing on motions to all parties, to be given in the manner prescribed in Illinois Supreme Court Rule 11. See Rules of Practice of the Circuit Court, Sixth Judicial Circuit, Rule 2.1(d) (eff. Nov. 6, 2014). Rule 11(c) of our supreme court rules provides for the methods of service of documents, including by U.S. mail where electronic service is not possible. Ill. S. Ct. R. 11(c) (eff. July 1, 2021). Rule 12 further requires that proof of service be filed with the clerk of the court. Ill. S. Ct. R. 12(a) (eff. July 1, 2017). Furthermore, pleadings and motions must be filed "with a certificate of counsel or other proof that the documents have been served on all parties." Ill. S. Ct. R. 104(b) (eff. Jan. 1, 2018).

¶ 29    In its August 1, 2022, order, the circuit court found Sides' argument that he had not been properly served with notice of the hearing on Manuel's motion to be meritless. The court explained that Manuel's counsel filed a signed certificate of service with the motion, and this was *prima facie* proof that the motion was properly served on Sides. The court further found that Sides received additional notice of the hearing when he appeared at an earlier hearing in the family law matter and was reminded of the hearing date at that time. The court also noted that her motion was filed on February 12, 2020, and the hearing took place on February 28, 2022, giving Sides over two years to prepare his arguments. He was also notified of the hearing date at a January 11, 2022, hearing in the parties' family law case, at which Manuel requested that her motion be set for hearing. Sides appeared in person at the hearing and was afforded the opportunity to present oral argument, which he did. At the hearing, the court also granted his request for an additional 28 days to file any written response, so that he could review his files and notes upon his release from custody. However, Sides did not file any response.

¶ 30    We find that the record does not support Sides' argument that he was not served with notice of hearing on Manuel's motion, or that he was deprived of sufficient time to respond to her motion. We agree with the court that the certificate of service attached to the notice of hearing filed on February 14, 2022, is *prima facie* proof that the notice of hearing was mailed to Sides via U.S. Mail addressed to him at the Champaign County jail, where he was incarcerated at the time. Sides also appeared at the hearing on the motion and, according to the court, he seemed to be prepared to deliver his argument, at times reading off of previously prepared notes. Finally, the circuit court granted his motion for an additional 28 days to file a written response, to include any argument he could not prepare while incarcerated. Sides failed to file a written response; we additionally note

10

that he does not provide a reason why he could not file a timely response immediately after Manuel filed her motion.

¶ 31    Ultimately, Sides had over two years to respond to Manuel's motion, and the record reflects that he did prepare and deliver his argument before the court at the scheduled hearing date. We find that his argument that he was not properly served with notice of hearing lacks merit, and he has failed to show that he was disadvantaged in any way by lack of adequate notice. We therefore conclude that the court did not abuse its discretion in excusing any purported lack of proper notice.

¶ 32                          C. Striking and Dismissal of the Petition

¶ 33    A motion to dismiss under section 2-615 attacks the legal sufficiency of the complaint by alleging defects on its face. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 578 (2006); 735 ILCS 5/2-615(a) (West 2022). Because Illinois is a fact-pleading jurisdiction, a plaintiff "is required to set forth a legally recognized claim and plead facts in support of each element that bring the claim within the cause of action alleged." *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 434 (2007) (citing *Beahringer v. Page*, 204 Ill. 2d 363, 369 (2003)). The pleading may not rest on mere unsupported factual conclusions. *Grund v. Donegan*, 298 Ill. App. 3d 1034, 1037 (1998). In reviewing the pleadings, all well-pled facts "must be taken as true, and the pleadings must be liberally construed for the purpose of doing justice between the parties." *Dvorak v. Primus Corp.*, 168 Ill. App. 3d 625, 632 (1988).

¶ 34    Additionally, the trial court "has discretion to allow an amendment to the pleadings or to terminate the litigation"; "it is the plaintiff's burden to persuade the trial judge to dismiss without prejudice if he wishes to replead." *Id.* at 635. "The practice of striking or dismissing a complaint should be confined to cases where there is want of equity on the face of the complaint and it is clear that no amendment will aid it." *Dunavan v. Calandrino*, 167 Ill. App. 3d 952, 960 (1988).

11

¶ 35    We review the circuit court's granting of a motion to dismiss pursuant to section 2-615 *de novo*. *Solaia Technology*, 221 Ill. 2d at 578.; *Hampton v. Chicago Transit Authority*¸ 2018 IL App (1st) 172074, ¶ 19.

¶ 36    In the present matter, the court struck the statements Sides made in his attachment to the petition and dismissed the petition with prejudice, finding that he had failed to plead facts sufficient to support a claim of abuse, relying instead on unsupported factual conclusions and irrelevant accusations about Manuel's character, physical and mental health, and sexual history unrelated to Sides' claim of child abuse, which served the predominate purpose of harassing and embarrassing Manuel. The court further found that Sides' basis for claiming that Manuel was sleeping in the same bed as their son was the hearsay statements of the parties' minor daughter, and that Sides made several unsupported accusations that were so scandalous and graphic that their probative value, if any, was substantially outweighed by the danger of unfair prejudice. After ruling that these unsupported and prejudicial accusations were stricken, the court dismissed the petition.

¶ 37    We agree with the circuit court's characterization of Sides' allegations. He admits in the attachment to his petition that the sole basis for his belief that Manuel was sharing a bed with their 12-year-old son came from the concerns raised by their 16-year-old daughter. Moreover, in this attachment, Sides includes a list of supposed facts that he admits to not knowing, which read, in part, "I don't have evidence that Cristina has attempted or has succeeded in engaging in a sexual relationship with" the parties' son, and "I do not know if Cristina is merely attempting to groom [the son] for a future sexual relationship." Therefore, it is apparent from the fact of the petition that Sides, by his own admission, lacks support for his claim of abuse.

¶ 38    None of his other allegations provide any factual support for his claim that Manuel was abusing their son, as defined in the Act. We find that the language of the petition supports the

court's statement that Sides "concludes from the statement from their daughter, and from his own purported historical knowledge of Manuel, having nothing to do with their children, that she may be engaging in an inappropriate sexual relationship or grooming their child," and that such conclusory allegations are insufficient to sustain a cause of action. See *Chandler v. Illinois Central R.R. Co.*, 207 Ill. 2d 331, 348 (2003) ("[A] complaint is deficient when it fails to allege the facts necessary for recovery."). Even construing the pleadings liberally, we do not find any support for his conclusory allegations. Therefore, we find that the court properly dismissed the petition for failure to state a cause of action.

¶ 39 Moreover, we find that the court's decision to dismiss the petition with prejudice was proper. After determining that dismissal of the pleadings is warranted, the trial court has discretion to allow an amendment to the pleadings or to terminate the litigation. See *Dvorak*, 168 Ill. App. 3d at 635. As the pleading party, Sides bore the burden of persuading the court to dismiss without prejudice if he wished to replead. *Id.* Dismissal with prejudice is proper "where there is want of equity on the face of the complaint and it is clear that no amendment will aid it." *Dunavan*, 167 Ill. App. 3d at 960.

¶ 40 Here, it suffices to note that Sides himself stated at the hearing that the alleged abuse had stopped, and he was no longer interested in pursuing his petition. In addition to admitting in his petition that he did not know whether any abuse was occurring, he admitted during oral argument that he did not believe there to be a basis for his claim. He did, however, contend that filing the petition was a proper use of court procedure because it made Manuel stop the alleged abuse. Furthermore, there is no evidence that, had Sides requested to replead, there were any possible facts that would have saved his petition. Therefore, the circuit court properly dismissed the petition with prejudice.

13

¶ 41    Lastly, the court did not err in striking the statements Sides made in the attachment to his petition. For the same reasons discussed above, he failed to support his claim with statements of fact, and even admitted that he did not have any evidence to believe that Manuel was abusing their son.[2] In addition to a lack of factual statements that supported his claim of abuse under the Act, the majority of Sides' attachment to the petition contains statements that are irrelevant to his claim and/or severely lacking in probative value. Pursuant to the Illinois Rules of Evidence, even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Ill. R. Evid. 403 (eff. Jan. 1, 2011).

¶ 42    The court determined that the statements Sides made in his petition about Manuel's physical health, apparel, mental health, sexual history, and sexual conduct were not relevant to his claim that she was abusing their son, but rather only meant to portray Manuel as a sexual deviant who was capable of abusing her child. Where evidence is found to be prejudicial, with little to no probative value, it is properly stricken. See *People v. Harvey*, 211 Ill. 2d 368, 392 (2004). We find that the court did not err in striking portions of the petition, where the statements made were not relevant to Sides' claim of abuse and were highly prejudicial to Manuel.

¶ 43                          D. Imposition of Sanctions Against Sides

¶ 44    Rule 137 allows a court to impose sanctions "against a party or counsel who files a pleading or motion that is not well grounded in fact, is not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, or is interposed for any improper purpose." *In re Marriage of Schneider*, 298 Ill. App. 3d 103, 108 (1998). Rule 137 imposes "an affirmative duty on attorneys and litigants alike to conduct an investigation of the

---

[2]While Sides sought to include both of the parties' children in the order of protection, he did not allege any abuse of their daughter in his petition.

14

facts and the law before filing an action, pleading, or other paper." *Id.* at 108-09. The signature of an attorney or party on a pleading or motion represents that, "to the best of his knowledge, information, and belief formed after reasonable inquiry," the filing "is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018).

¶ 45    The purpose of this rule is "to prevent abuse of the judicial process by penalizing claimants who bring vexatious and harassing actions based upon unsupported allegations of fact or law." *Fremarek v. John Hancock Mutual Life Insurance Co.*, 272 Ill. App. 3d 1067, 1074 (1995). The rule is not, however, "intended to simply penalize litigants for the lack of success; rather, its aim is to restrict litigants who plead frivolous or false matters without any basis in law." *Id.* The court applies an objective standard in evaluating what was reasonable at the time of filing. *Id.*; see also *Whitmer v. Munson*, 335 Ill. App. 3d 501, 516 (2002). Additionally, even where the initiating party honestly believed that their claims were well grounded in fact or law, it is still unreasonable to file the suit if its falsity could have been uncovered through reasonable inquiry. *Fremarek*, 272 Ill. App. 3d at 1074-75.

¶ 46    The decision to impose Rule 137 sanctions is within the sound discretion of the circuit court and is entitled to great weight. *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 579 (2000) (citing *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 487 (1998)); *Schneider*, 298 Ill. App. 3d at 109. Thus, its decision will not be reversed on appeal absent an abuse of discretion. *Id.* An abuse of discretion occurs only where no reasonable person would take the view adopted by the circuit court. *Schneider*, 298 Ill. App. 3d at 109; *Nelson v. Chicago Park District*,

408 Ill. App. 3d 53, 67-68 (2011). If reasonable people would differ on this matter, we cannot say that the circuit court abused its discretion. *Fremarek*, 272 Ill. App. 3d at 1074.

¶ 47 Sanctions need not be limited to an imposition of reasonable attorney fees against the offending party. See *Eisterhold v. Gizewski*, 2022 IL App (1st) 210490, ¶ 39. Courts may consider the defamatory nature of untrue allegations in pleadings and motions when considering a request for sanctions. *In re Marriage of Stone*, 197 Ill. App. 3d 457, 471-72 (1990) (finding that the "heart of misconduct by respondent" was that the allegations were untrue and harassing, but the "fact that the allegations were defamatory was a proper compounding factor"). In selecting appropriate sanctions, the court should consider the degree of bad faith involved, whether sanctions could deter others from similar conduct, and the relative merits of the parties' positions. *Penn v. Gerig*, 334 Ill. App. 3d 345, 354 (2002).

¶ 48 Rule 137 also requires that the circuit court provide an explanation of its decision to impose sanctions, and on review, we may only affirm on the grounds specified by the circuit court. *Nelson*, 408 Ill. App. 3d at 68. In reviewing the court's decision to impose sanctions our primary consideration is whether the decision was " 'informed, based on valid reasoning, and follows logically from the facts.' " *Id.* (quoting *Sterdjevich v. RMK Management Corp.*, 343 Ill. App. 3d 1, 19 (2003)).

¶ 49 In the present matter, the circuit court included in its August 1, 2022, order a thorough explanation of its decision to impose Rule 137 sanctions against Sides. The court detailed his actions in the procedural history of the underlying case and the parties' related cases. This included his being held in direct criminal contempt stemming from his communications with the court and the court clerk. Manuel also filed a motion to restrict abusive litigation in the parties' family law case in 2021. Sides had also made many filings in the parties' related cases.

16

¶ 50    The circuit court provided a detailed basis for its finding that Sides filed his petition for the purpose of prolonging litigation and increasing costs for Manuel. See *In re Marriage of Betts*, 172 Ill. App. 3d 742, 752 (1988) (holding that the trial court did not abuse its discretion in sanctioning a party for filing an unfounded and vexatious motion that burdened the courts). It further found that the graphic, highly offensive comments that Sides attempted to mask as concern for Manuel's wellbeing in his petition were not brought in good faith, were not well grounded in fact, and were not relevant to his claims. See *In re Marriage Stone*, 197 Ill. App. 3d at 471-72 (the defamatory nature of the allegations was a proper compounding factor in the court's decision to impose sanctions). The court wrote in its order that "the only purpose these allegations appear to have is to harass and embarrass Manuel, and to further delay and needlessly increase the costs of litigation for her."

¶ 51    We add that Sides himself admitted at the hearing on the motion that he would provide the same information included in his petition to DCFS if he wished to harm Manuel; he states in the petition that he did, in fact, provide this information to DCFS. This further supports the circuit court's finding that he filed the allegations in his petition for improper means.

¶ 52    On appeal, Sides does not present any argument as to why we should find that the court abused its discretion. Rather, he contends that the judge wished to harm and retaliate against him, that she impermissibly punished him for future actions (namely, his stated intent to make future filings), and that she sought to intimidate him from accessing the judicial system. We find that his allegations fail to demonstrate any supposed misconduct by the court. Rather, the record reflects that the sanctions were informed by the specific facts in this case, were proportional to the degree

17

of Sides' misconduct, bore a reasonable relationship to the Rule 137 violations, and were not imposed merely to punish Sides.[3]

¶ 53    Affording due deference to the circuit court's determination that sanctions were warranted, we find that the court's view was reasonable, and its decision was not an abuse of discretion. It is clear from the record and from the face of the petition that it was not reasonable for Sides to believe that his petition was well grounded in fact and law and was not filed for the improper purposes of harassing Manuel and causing unnecessary delay and increase in cost of litigation.

¶ 54    We therefore find that the circuit court did not abuse its discretion in sanctioning Sides in the form of attorney fees and costs, as well as by imposing restrictions on his future filings with the court.

¶ 55                              CONCLUSION

¶ 56    For the reasons stated, the circuit court did not err in entering an order striking and dismissing Sides' petition for order of protection, imposing sanctions against Sides pursuant to Illinois Supreme Court Rule 137, and restricting the appellant's future filings. The judgment of the circuit court is affirmed.

¶ 57    Affirmed.

---

[3]Sides does not present any authority supporting an argument that the form of the court's sanctions was an abuse of discretion, and we therefore need not further review its decision.